## Continental Realty Company v. Cardwell, et al.

(Decided October 24, 1916.)

### Appeal from Breathitt Circuit Court.

1.  Lis Pendens—Purchase Pending Suits—Actual Notice—Rights.— One who, during the pendency of a creditors' suit to sell the real

estate of a decedent to pay his debts, not only purchases from a party to the action, but has actual notice of the pendency of the suit and of the proceedings therein had, takes, subject to a judgment theretofore rendered divesting such party of title, and acquires no title by such purchase.

2. Corporations—Notice to Agent.—Notice to the general manager and treasurer of a corporation is notice to the corporation.

3. Adverse Possession.—The purchaser from a party to an action to sell the real estate of a decedent to pay his debts cannot rely on the adverse holding of his vendor.

4. Adverse Possession—Lis Pendens—Effect of Laches.—A lis pendens purchaser who has not been in possession for fifteen years cannot acquire title by adverse possession, even though there was laches in the prosecution of the suit.

G. W. FLEENOR and MARTIN T. KELLY for appellant.

McGUIRE & McGUIRE, ADAMS & HOLLIDAY and HAZELRIGG & HAZELRIGG for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action was brought in July, 1911, by the Continental Realty Company against John W. Cardwell and T. H. Hudson, sheriff of Breathitt County, to enjoin the former from trespassing on a certain tract of land described in the petition and the sheriff from serving a writ placing Cardwell in possession of the land. Being denied the relief prayed for, plaintiff appeals.

Both plaintiff and Cardwell claim title through William Smith, who, in October, 1886, died intestate in Breathitt County, leaving surviving him his widow, Nancy, and one son, George Smith. Plaintiff's chain of title is as follows: Nancy Smith and George Smith, the widow and son of William Smith, conveyed the land in controversy to C. J. Little, by deed dated April 26th, 1886. On July 15th, 1902, Little and wife conveyed to the McDowell County Coal & Coke Company, a partnership, of which C. J. Little was a member. On October 9th, 1902, Little and the other members of the partnership conveyed to the Lost Creek Coal and Coke Company, of which C. J. Little was president. On August 20th, 1903, the Lost Creek Coal & Coke Company conveyed to plaintiff, Continental Realty Company. Of the latter company Little was treasurer and general manager.

During the progress of this action it developed that Cardwell, who was dead, had, prior to his death, con-

veyed the land to G. T. Strong. The deed to Strong was lost. Strong then brought suit and acquired title from the Cardwell heirs by virtue of a commissioner's deed made in the action of G. T. Strong v. Cardwell Heirs. Cardwell acquired title by virtue of a commissioner's deed made in the year 1909, pursuant to proceedings had in the action of John W. Cardwell v. William Smith's Admr., etc., brought in the year 1887 for the purpose of settling William Smith's estate and selling his land to pay his debts. To this action C. J. Little was a party, and during the year 1889 he filed a pleading, asserting title. In 1891 the action was submitted and a judgment rendered directing the commissioner to sell the land described in the petition for the purpose of paying the debts due by the estate. This judgment was based on the report of the commissioner that it was necessary to sell the land in order to pay the decedent's debts. At the sale, made pursuant to the judgment, W. T. Hogg became the purchaser. The report of sale was filed in the year 1894. It appears that the papers were lost in 1892 and were not all supplied until November 9th, 1900. In March, 1896, Cardwell made a motion to confirm the commissioner's report of sale. During the same year C. J. Little filed his petition to be made a party defendant, and Cardwell excepted. In the month of November, 1898, Hogg's bid, through his executrix, was assigned to J. W. Cardwell. On November 23rd, 1899, Cardwell again moved to have the commissioner's report of sale confirmed. During the month of November, 1900, C. J. Little filed a substitute petition. In June, 1909, Little filed exceptions to the commissioner's report of sale. At the same term the case was submitted, both on this motion and Little's exceptions to the report of sale. Little's exceptions were overruled, the sale confirmed and an order entered directing the commissioner to make deed to Cardwell. In rendering judgment the court held that Little's rights to the property in question were concluded by the judgment of sale rendered in 1891. Thereupon C. J. Little prosecuted an appeal to this court, where it was held that the judgment of 1891 was a final, adverse and appealable determination of the claim to title to the land asserted in his pleading. Little v. Cardwell, et al., 122 S. W. 799.

It is clear from the evidence in this case that the Continental Realty Company not only purchased through

Little, who was a party to the creditor's suit to sell the land in controversy, and who had been divested of all title to the land by the judgment entered in that action, but purchased with actual notice of the pendency of the action and of the judgment therein rendered, for notice to Little, who was a party to the action and who was the general manager and treasurer of the Continental Realty Company, was notice to that company. Under these circumstances, therefore, the Continental Realty Company acquired no title by their purchase. Roberts v. Cardwell, 154 Ky. 487, 157 S. W. 711.

Whether there was such laches in the prosecution of the suit as to set the statute of limitation running in favor of the Continental Realty Company, it is unnecessary to determine. The creditors' suit suspended the running of the statute in favor of Little, and during its pendency his holding was not adverse. Therefore, the time that Little had possession cannot be counted in favor of plaintiff. Roberts v. Cardwell, *supra*. Little conveyed to the McDowell County Coal & Coke Company on July 15th, 1902. That company conveyed to the Lost Creek Coal & Coke Company on October 9th, 1902. On August 20th, 1903, the Lost Creek Coal & Coke Company conveyed to the Continental Realty Company. This suit was brought during the year 1911, or nine years after Little parted with title. It, therefore, follows that even if there was such laches in the prosecution of the creditors' suit as to set the statutes in operation, fifteen years, or the necessary time to acquire title by adverse possession, had not elapsed when this action was brought.

Judgment affirmed.