THE COMMONWEALTH OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, HIRAM TORRES RIGUAL, JUDGE, Respondent; PÉREZ AUTO CORPORATION, Intervener.

No. O-67-79.     Decided January 28, 1969.

*J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for petitioner. *S. L. Lagarde Garcés* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: On March 27, 1961 a Chevrolet automobile was confiscated because it had allegedly been used for the transportation of weapons in violation of law. 25 L.P.R.A. § 447.

Domingo Pérez Muñiz challenged the confiscation by filing civil complaint CS-61-867, against the Secretary of Justice of Puerto Rico. In said complaint Domingo Pérez Muñiz

alleged that he was the owner of the confiscated vehicle. This civil action did not prosper since it was not filed within the jurisdictional period of 15 days following the service of the notice of confiscation. 34 L.P.R.A. § 1722 (a).

Through the filing of another complaint—No. CS-62-1876 —Pérez Auto Corporation, whose president is the aforementioned Domingo Pérez Muñiz, challenged the confiscation alleging that it was the owner of the automobile. This second action was filed against the Commonwealth of Puerto Rico. The same was brought more than a year after the notice of confiscation was served under plaintiff's theory that notice had not been served on it, and since it was not, the aforementioned 15 days had not run against it.[1]

The second action was heard on its merits and the trial court made the following findings of fact: that the confiscated vehicle was the property of Pérez Auto Corporation; that Domingo Pérez Muñiz was the Manager of said corporation; and that he was served notice of the confiscation of the vehicle. As a question of law the court concluded that notice had not been served on the corporation and ordered defendant to pay to plaintiff the sum of $4,000 plus the interest accrued from the date of the seizure, March 27, 1961. At the request of the Solicitor General we issued writ of certiorari.

We must accept the findings of fact of the trial court because the certiorari expressly authorized by the statute for these cases of confiscation of vehicles is limited by law to issues of law, 34 L.P.R.A. § 1722 (a), but the problem whether the service of notice on the president of the corporation constitutes a constructive notice to the corporation is a question of law which we can entertain.

---

[1] There is no complaint in relation to the theory, but it is necessary to examine the premise on which it is based, that is, whether or not notice had been served upon the corporation.

■ As it is known, the term of 10 days to serve notice of the confiscation is mandatory—*Sec. of Justice* v. *Superior Court*, 95 P.R.R. 156 (1967)—but in order to raise this defense it is necessary that petitioner file his complaint within the jurisdictional term of 15 days after service of notice. *Sec. of Justice* v. *Superior Court*, 89 P.R.R. 562, 569 (1963). We must, then, determine whether notice was served on plaintiff corporation, because if it was, its action cannot prosper.

■ The general jurisprudential rule is to the effect that notice to the president of a corporation relating to its affairs is notice to the corporation, since it cannot be maintained that a corporation ignores an affair which is known to its president or manager. See Fletcher, 3 Cyclopedia of the Law of Private Corporations, § 811 (1947) and cases annotated therein. Thus, in *Phillips* v. *Hopwood*, 329 S.W.2d 452, 455 (1959) it is said that notice concerning a corporate matter given to the president is notice to the corporation. And in *Knox* v. *First Security Bank*, 206 F.2d 823, 826 (1953), it was stated: "certainly the knowledge of A. C. Milner, the president, who wrote the letters would be imputable to the corporation . . . although it was never formally brought to the attention of the board." In the same sense see *Continental Realty Co.* v. *Cardwell*, 188 S.W. 777, 778.

■ The constructive notice, when reasonable, has been sustained in this matter of confiscation of vehicles. In *State* v. *Cherry*, 387 S.W.2d 149 (1965), where a Pontiac automobile was forfeited because it had been used in the transportation of narcotics, it was held that although the appellees, owners of the automobile, were not served with notice, the forfeiture was valid, since they had knowledge of the forfeiture proceedings and participated in the trial. "They evidently had actual notice and made themselves parties to the suit and participated in the trial." In the case at bar the president of the corporation not only had actual notice but

also he had been served notice formally and, moreover; he had previously litigated on the same matter.

■ In view of the facts of this case and of the case law on the matter, we conclude that the service of notice to the president of the corporation constituted notice to the corporation. Thus notified, the reasons of the corporation for challenging the confiscation had to be raised within the jurisdictional term and within the proceeding provided by law therefor. As we stated in *Sec. of Justice* v. *Superior Court*, 89 P.R.R. 562, 569 (1968), "in failing to comply strictly with a requirement which the statute itself denominates jurisdictional, the action cannot be prosecuted regardless of its label. Any claim in this connection is but a subtlety in an attempt to escape the consequences of plaintiff's inadvertence." As it may be seen, the case at bar is different from that of *Sec. of Justice* v. *Superior Court*, *ante*, p. 113, since it was concluded there that the intervener was never served with notice.

For the reasons stated the judgment rendered in this case by the Superior Court, Bayamón Part, on September 14, 1966, will be reversed and the complaint dismissed.