SECRETARIO DE JUSTICIA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. HIRAM TORRES RIGUAL, JUEZ, demandado; THE FIRST NATIONAL CITY BANK OF NEW YORK, interventor.

*Números:* O-67-34    *Resueltos:* 29 de junio de 1967
O-67-35
O-67-36

*J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados del peticionario; *Juan L. Cruz Rosario, Pedro D. Quiles Mariani* y *Adán E. Montalvo,* abogados del interventor; *Mario A. Rodríguez,* abogado de Ramón Rodríguez y Enilda Rodríguez Vega.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La única cuestión a resolver en estos recursos es si el término de 10 días que concede la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones[1] al Secretario de Justicia, al Secretario de Hacienda y al Superintendente de la Policía, para notificar la ocupación de los

---

[1] 34 L.P.R.A. sec. 1722.

bienes confiscados a los interesados en los mismos, es mandatorio o directivo.

No hay controversia en cuanto a que en los tres casos la notificación se hizo a los interesados fuera de dicho término de 10 días. En uno de ellos se hizo en el onceno día de la ocupación, en otro en el decimotercer día y en el otro en el duodécimo día.

■ El Tribunal Superior resolvió que por haberse hecho la notificación con posterioridad a los 10 días, el procedimiento de confiscación estaba viciado de nulidad y en su consecuencia declaró nulas las confiscaciones y ordenó la devolución de los bienes ocupados.

El Art. 2(a) de la citada Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones dispone:

"(a) El procedimiento se iniciará mediante la ocupación de la propiedad por el Secretario de Justicia, el Secretario de Hacienda, o el Superintendente de la Policía, por conducto de sus delegados, policías o agentes de orden público. El funcionario bajo cuya autoridad se actúe notificará al dueño, encargado o persona con derecho o interés conocido en la propiedad ocupada, de la ocupación y tasación de los bienes ocupados; debiendo efectuarse la notificación en forma fehaciente, dentro de los diez (10) días siguientes a la ocupación; entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo. Los dueños, encargados o interesados en los bienes ocupados podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha de la notificación, mediante demanda contra el funcionario bajo cuya autoridad se haya efectuado la confiscación, a quien se notificará y quien deberá formular sus alegaciones dentro de los diez (10) días siguientes a la notificación. La demanda deberá radicarse en la Sala del Tribunal Superior de Puerto Rico, correspondiente al lugar donde se efectuó la ocupación, y el juicio se celebrará sin sujeción a calendario. Las cuestiones que se susciten deberán resolverse, y los demás procedimientos tramitarse de la misma manera que si se tratase de una acción civil ordinaria. Contra la sentencia que recaiga no habrá otro recurso que el de *certiorari* para al Tribunal Supremo, limitado a cuestiones

de derecho. La radicación de la demanda de impugnación dentro del término aquí establecido se considerará requisito jurisdiccional previo para el ejercicio de la acción aquí autorizada."

La ley dispuso expresamente que el funcionario bajo cuya autoridad se efectúe la ocupación notificará al dueño, encargado o persona con derecho o interés conocido en la propiedad ocupada, de la ocupación y tasación de los bienes ocupados, *"debiendo efectuarse la notificación en forma fehaciente, dentro de los diez días siguientes a la ocupación* entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo." (Énfasis nuestro.)

Al interpretar estatutos en ocasiones hemos decidido que los términos como "deberá", pueden leerse como "podrá", haciendo así directivo lo que aparentemente es mandatorio; pero siempre se ha hecho para conformar el lenguaje del estatuto con el propósito legislativo. Si en este caso diéramos tal interpretación a la ley estaríamos frustrando la intención del legislador. Una vez resolviéramos que el término de 10 días para hacer la notificación de los bienes ocupados es directivo, dicha notificación podría hacerse dentro de cualquier término razonable.

Precisamente el proyecto original, el P. de la C. 384, creando un procedimiento uniforme para todos los casos de confiscación de propiedad, no establecía término alguno dentro del cual debía hacerse la notificación de la ocupación de los bienes confiscados. (2) La Comisión de lo Jurídico de la

---

(2) El Art. 2(a) de dicho proyecto disponía:

"Artículo 2.—Cuando un vehículo, bestia o cualquier embarcación marítima o aérea fuere confiscado en virtud de lo dispuesto por la Ley Núm. 6 de 30 de junio de 1936, la Ley Núm. 220 de 15 de mayo de 1948, la Ley Núm. 17 de 19 de enero de 1951 y/o la Ley Núm. 2 de 20 de enero de 1956, la confiscación se tramitará en la siguiente forma:

(a) El procedimiento se iniciará mediante la ocupación de la propiedad por el Secretario de Justicia o el Secretario de Hacienda o los delegados de éstos, según sea el caso, o por cualquier policía u otro agente de orden público. Los dueños de la propiedad así ocupada, los que estén a cargo de ella y los que tengan algún derecho o interés cono-

Cámara al informar favorablemente la aprobación del proyecto propuso varias enmiendas al mismo, entre ellas, la referente a que la notificación de la ocupación de los bienes deberá hacerse dentro de los diez días siguientes a la ocupación. En su informe dicha Comisión se expresó así:

"Actualmente existen cuatro leyes que autorizan la ocupación o confiscación de bienes que se usan en violación de algunos preceptos legales, a saber:

(a) La Ley Núm. 6, de 30 de junio de 1936, conocida como Ley de Espíritus y Bebidas Alcohólicas.

(b) La Ley Núm. 220, de 15 de mayo de 1948, conocida como Ley de Bolita.

(c) La Ley Núm. 17, de 19 de enero de 1951, conocida como Ley de Armas.

(d) La Ley Núm. 2, de 20 de enero de 1956, conocida como Ley de Impuestos sobre Artículos de Uso y Consumo (Ley de Arbitrios).

La Ley de Armas establece un procedimiento en cuanto a la disposición que se hace de los objetos ocupados. La Ley de Espíritus y Bebidas Alcohólicas establece otro procedimiento en cuanto a los bienes ocupados bajo sus disposiciones. La Ley de Bolita no fija procedimiento alguno y el procedimiento aplicable a ella fue establecido por el Tribunal Supremo en el caso

cido en la misma, serán notificados por correo si su dirección fuere conocida y podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha de la notificación, mediante demanda contra el Secretario de Justicia o el Secretario de Hacienda, según sea el caso, sin prestación de fianza, que se notificará al Secretario concernido, debiendo éste formular sus alegaciones dentro de los diez (10) días siguientes a la notificación. La demanda deberá radicarse en la Sala correspondiente del Tribunal Superior y se celebrará el juicio sin sujeción a calendario. Las cuestiones que se susciten deberán resolverse, y los demás pronunciamientos tramitarse de la misma manera que si se tratase de una acción civil ordinaria. Contra la sentencia que recaiga no habrá otro recurso que el de Certiorari para el Tribunal Supremo, limitado a cuestiones de derecho. La notificación por correo a los dueños, encargados u otras personas con interés conocido en la propiedad ocupada, se entenderá perfeccionada con el mero depósito de la misma en el correo. Disponiéndose, que la radicación de la demanda de impugnación dentro del término aquí establecido se considerará requisito jurisdiccional previo para el ejercicio de la acción aquí autorizada." (*Diario de Sesiones*, Tomo 11, Vol. X, 1958, pág. 994.)

de *General Motors Acceptance Corp.* v. *Tribunal de Distrito,* 70 D.P.R. 941. La Ley de Arbitrios tampoco establece procedimiento específico alguno, por lo cual sería aplicable a ella la doctrina del caso de General Motors Acceptance Corporation, antes citado.

Bajo cualesquiera de las leyes señaladas, la situación resulta hoy sumamente gravosa para el propietario de la propiedad embargada ya que los procedimientos *son sumamente dilatorios* y cuando finalmente puede venderse la propiedad, la misma ha depreciado considerablemente en perjuicio del propietario.

La presente medida legislativa crea un procedimiento uniforme para todos los casos de confiscación de propiedad, no importa la agencia, funcionario o ley que intervenga en la confiscación. La medida, con las enmiendas propuestas, *dispone un plazo de diez días para que el propietario sea notificado del hecho de la ocupación y de la tasación que se ha hecho de los bienes;* concede al propietario un término de quince días para impugnar la confiscación, siendo éste un procedimiento completamente independiente del proceso criminal que pudiera estar pendiente; concede al Estado un término de diez días para contestar el incidente de impugnación; permite que el tribunal revise la tasación que hubiere hecho el funcionario del Gobierno que interviene en el asunto; contiene disposiciones para que los bienes sean devueltos inmediatamente que el promovente de la impugnación haya prestado fianza satisfactoria al Tribunal; permite la venta inmediata de los bienes tan pronto como haya transcurrido el término dentro del cual puede prestarse la fianza anteriormente señalada y finalmente, dispone que en caso de que la confiscación, a juicio del tribunal, haya sido ilegal se devuelva a la persona que la impugnó el importe de la tasación o la suma obtenida en pública subasta, cualesquiera de ellas que fuere la mayor, más intereses al seis por ciento anual desde la fecha de la ocupación." (*Diario de Sesiones,* 1958, Tomo 11, Vol. X, pág. 996. (Énfasis nuestro.)

Uno de los propósitos fundamentales de la ley que comentamos es de establecer un procedimiento rápido en los casos de confiscación. Nuestra interpretación de la ley en el sentido de que el término de diez días para hacer la notificación de los bienes confiscados es mandatorio está

de acuerdo con ese propósito. No milita en contra de esta interpretación el hecho de que la ley haya dispuesto expresamente que el término para la radicación de la demanda es de carácter jurisdiccional. Tal circunstancia evidencia más bien la intención legislativa en cuanto a la necesidad de la rapidez en el procedimiento de confiscación.

. Concluimos, en su consecuencia, que no erró el tribunal de instancia al decretar la nulidad de las confiscaciones.

*Se anularán los autos expedidos y se devolverán los casos al tribunal de origen.*