SECRETARIO DE JUSTICIA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. JORGE MELÉNDEZ VELA, JUEZ, demandado.

*Número:* O-67-44        *Resuelto:* 28 de mayo de 1968

*J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Subprocurador General,* abogados del peticionario; *Jorge Luis Suárez,* abogado de la interventora Pérez Auto Corporation.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En 25 de agosto de 1964 el Secretario de Justicia procedió a confiscar el automóvil Chevrolet, tablillas 880-747, en razón de que el 20 de agosto de 1964 se había transportado en dicho vehículo un puñal.[1]

En 16 de septiembre de 1964 la interventora Pérez Auto Corp. interpuso demanda contra el Secretario de Justicia bajo las disposiciones de la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de junio de 1960, y alegó que era la vendedora condicional del vehículo confiscado y dueña del contrato de venta condicional desde la fecha de la notificación de la confiscación. Que la confiscación fue notificada el 2 de septiembre de 1964 a la Caribbean Finance Co., quien aparecía ser la cesionaria de dicho contrato de venta condicional, y que la interventora era un tercero inocente con defensas válidas a oponer a la confiscación.

---

[1] A un interrogatorio sometido al Secretario de Justicia en el pleito sobre impugnación de confiscación que da lugar a este recurso, para que dijera el lugar específico en que se había ocupado el arma, si dentro del automóvil o si en poder de algún pasajero o conductor, el Secretario de Justicia contestó que el arma no había sido ocupada.

Seguidos los trámites del pleito, la Sala de Bayamón del Tribunal Superior falló declarando con lugar la demanda y ordenó la entrega del vehículo confiscado. Fue de opinión la Sala que el procedimiento de confiscación era nulo por no haberse notificado a la interventora, vendedora condicional, dentro del término establecido por ley. En apoyo de dicha conclusión expuso que si de la certificación de Obras Públicas no aparecía quién era la vendedora condicional, fácil le hubiera sido al Estado investigarlo a través de la compañía financiadora, la cesionaria del contrato. Que no procedía sostenerse que el Estado no podía especular si había o no una tercera parte con interés en el asunto por el hecho de que de la certificación de Obras Públicas aparecieran como personas interesadas únicamente el comprador condicional y la casa financiadora, siendo un hecho de conocimiento común y corriente que la casa financiadora no vende automóviles y que sólo es cesionaria del crédito de la vendedora condicional. Concluyó además la Sala que la notificación hecha a la Caribbean Finance, cesionaria del contrato, tampoco fue válida por realizarse después del término de 10 días que dispone la ley.

A solicitud del Secretario de Justicia expedimos el auto de *certiorari* que autoriza la referida Ley Uniforme de Confiscación de Vehículos. Sostiene el Secretario que el tribunal de instancia cometió error al interpretar y aplicar el Art. 2 de la referida Ley, e impugna particularmente la posición asumida por la Sala sentenciadora al efecto de que al Estado le hubiera sido fácil investigar a través de la compañía cesionaria quién era la vendedora condicional del vehículo, por entender que eso le impone al Estado la carga de emprender una investigación a la cual no está obligado.

Dispone el Art. 2(a) de esta Ley que el procedimiento de confiscación se iniciará mediante la ocupación de la propiedad por el Secretario de Justicia, el Secretario de Hacienda, o el Superintendente de la Policía, por conducto de

sus delegados, policías o agentes de orden público. El funcionario bajo cuya autoridad de actúa notificará al *dueño, encargado o persona con derecho o interés conocido en la propiedad ocupada,* de la ocupación y tasación de los bienes ocupados; debiendo efectuarse la notificación en forma fehaciente, dentro de los 10 días siguientes a la ocupación; entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo. Los dueños, encargados, o interesados en los bienes ocupados podrán impugnar la confiscación dentro de los 15 días siguientes a la fecha de la notificación, mediante demanda contra el funcionario bajo cuya autoridad se haya efectuado la confiscación, a quien se notificará y quien deberá formular sus alegaciones dentro de los 10 días siguientes a la notificación. . . . La radicación de la demanda de impugnación dentro del término ahí establecido se considerará requisito jurisdiccional previo para el ejercicio de la acción así autorizada.

De la prueba documental en autos surgen los siguientes hechos: El Exhibit 5 presentado por el Secretario de Justicia constituye el contrato de venta condicional del vehículo en litigio. Surge de su faz que dicho contrato quedó radicado el 3 de julio de 1964 en el Departamento de Obras Públicas. El Exhibit contiene las firmas originales de las partes contratantes y aparece firmando como comprador condicional Pedro Juan Márquez Amador. Su dirección según aparece en el contrato es Barrio Amparo, Calle Marina #622, Río Piedras, P.R. Firma como vendedora condicional la interventora Pérez Auto Corp. y su dirección, Puerto Nuevo, P.R. Se hace constar que se expidieron tablillas #880-747, las mismas del vehículo confiscado. Surge del contrato que Pedro Juan Márquez Amador había hecho un pronto pago de $1,262 contra el precio de $3,400 del vehículo. El contrato está suscrito el 20 de junio de 1964. Al dorso aparece que en igual fecha la vendedora condicional hizo cesión de dicho contrato a Caribbean Finance Co.

El Exhibit 1 presentado por el Secretario de Justicia es una comunicación fechada 27 de agosto de 1964 dirigida por él al Jefe de la División de Vehículos de Motor, Departamento de Obras Públicas, solicitando que se le informara a nombre de quién aparecía registrado el vehículo en litigio y los gravámenes, si algunos, que pesaran sobre el mismo. El 1ro. de septiembre de 1964 el Jefe de la División de Vehículos de Motor contestó al Secretario de Justicia que el dueño del vehículo era Pedro Juan Márquez Amador con dirección: Barrio Amparo, Calle Marina #622, Río Piedras, P.R. Expuso que había gravamen, señalando a Caribbean Finance Co.

El Exhibit 2 presentado por el Secretario de Justicia es una comunicación fechada 31 de agosto de 1964 dirigida a Pedro Juan Márquez Amador, Barrio Beatriz, Carr. Núm. 1, Km. 49, Caguas, P.R. Este documento es la notificación que la Ley Núm. 39 requiere hacer dentro del término de 10 días. El sobre, que consta en autos, demuestra que dicha notificación se envió por correo certificado con acuse de recibo, a la dirección ya dicha: Barrio Beatriz, Carr. Núm. 1, Km. 49, Caguas, P.R. y tiene un sello postal demostrativo de que se recibió en Caguas el 1ro. de septiembre de 1964. Tiene otro sello demostrativo de que se devolvió al remitente por no haber sido reclamada la correspondencia.

Hay otra comunicación fechada 2 de septiembre de 1964 del Secretario de Justicia a Caribbean Finance Co., notificándole la confiscación del vehículo. Esta comunicación fue enviada por correo certificado con acuse de recibo y aparece entregada el 8 de septiembre de 1964. No está en el récord el sobre en que se envió la misma, por razón de lo cual la prueba documental no permite conocer la fecha del depósito en el correo.

Según el récord, la interventora Pérez Auto Corp. nunca fue notificada. No obstante, y bajo su alegación de que el contrato de venta condicional le pertenecía desde que la

Caribbean Finance Corp. había sido notificada, interpuso demanda el 16 de septiembre, dentro del término jurisdiccional de 15 días que fija el estatuto.

■ En *García* v. *Tribunal Superior*, 91 D.P.R. 153 (1964), sostuvimos que el término de 15 días a partir de la fecha en que un demandante ha sido notificado en forma fehaciente de la confiscación de un vehículo, término éste jurisdiccional, se cuenta desde que hay el acuse de recibo de la notificación que debe hacer el funcionario. En ese caso nos negamos a desestimar, por falta de jurisdicción, una demanda que impugnaba la confiscación interpuesta dentro de los 15 días de haberse hecho el acuse de recibo de la notificación, aunque después de 15 días del depósito de la notificación en el correo. Dijimos que dos eran los elementos de dicha notificación fehaciente: (1) el depósito en el correo y (2) el acuse de recibo.

La anterior decisión se refiere al término que tiene un interesado para radicar su demanda de impugnación. No se refiere al término de 10 días que tiene el Estado para notificar la confiscación.

Si como sostiene el Secretario de Justicia y se ha aceptado, él depositó en el correo su notificación a Caribbean Finance, certificada con acuse de recibo, el 2 de septiembre, su notificación fue válidamente hecha dentro del término de 10 días a partir de agosto 25, término éste mandatorio e improrrogable el incumplimiento del cual produce la nulidad de la confiscación según sostuvimos en *Srio. de Justicia* v. *Tribunal Superior*, 95 D.P.R. 158 (1967). A los efectos de este término para notificar, no son aplicables las razones que dimos en *García,* en cuanto a la necesidad del acuse de recibo a los fines de contar el término jurisdiccional de 15 días para interponer demanda.

En tal caso no sería correcta la conclusión de la Sala sentenciadora en el sentido de que Caribbean Finance había sido notificada fuera de término.

En vista de la disposición que haremos del caso, no es necesario discutir y resolver si la notificación debió ser hecha a la vendedora condicional, la demandante, o a la cesionaria del contrato, Caribbean, o sobre la obligación que tenga el funcionario de hacer otras investigaciones. De hecho, la cuestión resulta aquí un tanto académica, ya que con la notificación hecha en tiempo a Caribbean, se personó en corte, también en tiempo, la vendedora condicional a defender su interés contra la confiscación.

■ Aunque por razones distintas a las de la Sala, debe sostenerse la nulidad decretada de la confiscación. Según la prueba, el Departamento de Obras Públicas informó al Secretario de Justicia que el dueño del vehículo confiscado era Pedro Juan Márquez Amador, con su dirección en Barrio Amparo, Calle Marina 622, Río Piedras, P.R. Ésa es la misma dirección del comprador condicional que aparece en el contrato, archivado en el Departamento de Obras Públicas con anterioridad a la confiscación. El dueño Pedro Juan Márquez Amador nunca fue notificado a fin de la protección de sus derechos porque la notificación se le envió a una dirección completamente distinta. La misma fue devuelta por el correo sin ser reclamada. En momento alguno se le envió posteriormente a su dirección verdadera. El comprador condicional tenía un interés a ser protegido. Había pagado un pronto pago de $1,262 y posiblemente pudo haber pagado por lo menos un plazo de $92.50. En esas condiciones esta confiscación no puede sostenerse. La Ley es clara al efecto de que deberá notificarse al *dueño*, encargado o persona con derecho o interés conocido en la propiedad ocupada.

*Por las anteriores razones, se anulará el auto de certiorari expedido.*