EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE BAYAMÓN, HON. HIRAM TORRES RIGUAL, JUEZ, demandado; PEREZ AUTO CORPORATION, interventora.

*Número:* O-67-79     *Resuelto:* 28 de enero de 1969

844

*J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados del peticionario; *S. L. Lagarde Garcés,* abogado de la interventora.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: En 27 de marzo de 1961 un automóvil marca Chevrolet fue confiscado porque alegadamente había sido

utilizado para transportar armas en violación de la ley. 25 L.P.R.A. sec. 447.

Domingo Pérez Muñiz impugnó la confiscación mediante la radicación de la demanda civil CS-61-867 contra el Secretario de Justicia de Puerto Rico. En dicha demanda Domingo Pérez Muñiz alegó ser el dueño del vehículo confiscado. Esta acción civil no prosperó por haber sido presentada fuera del término jurisdiccional de 15 días siguientes a la notificación de la confiscación. 34 L.P.R.A. sec. 1722(a).

Mediante la radicación de otra demanda—la número CS-62-1876—la Pérez Auto Corporation, cuyo presidente es el antes mencionado Domingo Pérez Muñiz, impugnó la confiscación alegando ser la dueña del automóvil. Esta segunda acción se presentó contra el Estado Libre Asociado de Puerto Rico. La misma fue presentada más de un año después de la notificación de la confiscación bajo la teoría de la demandante de que ella no fue notificada y al no serlo no han corrido contra ella los antes mencionados 15 días.(¹)

La segunda acción se vio en su fondo y el tribunal de instancia llegó a las conclusiones de hecho que el vehículo confiscado era propiedad de la Pérez Auto Corporation; que Domingo Pérez Muñiz era el Gerente de dicha corporación; y que éste fue notificado de la confiscación del vehículo. Como cuestión de derecho el tribunal concluyó que no se notificó a la corporación y condenó al demandado a pagar a la demandante la suma de $4,000.00 más los intereses acumulados desde la fecha de la incautación, 27 de marzo de 1961. A solicitud del Procurador General expedimos auto de *certiorari*.

Tenemos que aceptar las conclusiones de hecho del tribunal de instancia porque este recurso de *certiorari* que el estatuto autoriza expresamente para estos casos de confiscación de vehículos está limitado por ley a cuestiones de derecho—34 L.P.R.A. sec. 1722(a)—pero el problema de si

---

(¹) No tenemos querella con la teoría pero es necesario examinar la premisa en que se basa, esto es, si la corporación fue notificada o no.

la notificación al presidente de la corporación constituye una notificación constructiva a la corporación es una cuestión de derecho en la cual podemos entrar.

■ Como se sabe, el término de 10 días para notificar la confiscación es mandatorio—*Srio. de Justicia* v. *Tribunal Superior*, 95 D.P.R. 158 (1967)—pero para que pueda levantarse esta defensa es necesario que el peticionario presente su demanda dentro del término jurisdiccional de 15 días luego de haber sido notificado. *Srio. de Justicia* v. *Tribunal Superior*, 89 D.P.R. 574, 580 (1963). Debemos pues, determinar si la corporación demandante fue notificada, porque si lo fue no puede prosperar su acción.

■ La regla general jurisprudencial es al efecto de que la notificación hecha al presidente de una corporación sobre todo lo relacionado con los asuntos de la corporación equivale a una notificación a la corporación, ya que no puede sostenerse que una corporación ignora un asunto que su presidente o gerente conoce. Véase Fletcher, *Cyclopedia of the Law of Private Corporations*, Vol. 3 (1947), Sec. 811 y casos allí anotados. Así, en *Phillips* v. *Hopwood*, 329 S.W.2d 452 (1959), a la pág. 455, se expresa que la notificación hecha al presidente de una corporación equivale a haber sido hecha a la corporación. Y en *Knox* v. *First Security Bank*, 206 F.2d 823 (1953), a la pág. 826, se dijo "Ciertamente el conocimiento que tenía A. C. Milner, el presidente, quien escribió las cartas, se le imputa a la corporación aunque el asunto nunca se llevó formalmente a la atención de la junta." En el mismo sentido véase *Continental Realty Co.* v. *Cardwell*, 188 S.W. 777, 778.

■ La notificación constructiva cuando es razonable sostenerla se ha sostenido en esta materia de confiscación de vehículos. En *State* v. *Cherry*, 387 S.W.2d 149 (1965), en donde se confiscó un automóvil Pontiac por haberse utilizado para transportar narcóticos, se sostuvo que aunque los ape-

lantes dueños del automóvil no fueron notificados, la confiscación era válida ya que ellos estaban enterados del proceso y participaron en el juicio. ("They evidently had actual notice and made themselves parties to the suit and participated in the trial.") En el caso de autos el presidente de la corporación no sólo tenía conocimiento de hecho (*actual notice*) sino que había sido notificado formalmente y además había ya litigado sobre el mismo asunto.

■ En vista de los hechos de este caso y de la jurisprudencia sobre la materia, concluimos que la notificación al presidente de la corporación constituyó una notificación a la corporación. Así notificada, las razones que tenía la corporación para impugnar la confiscación correspondía levantarlas dentro del término jurisdiccional y dentro del procedimiento que la ley provee para ello. Como dijimos en *Srio. de Justicia* v. *Tribunal Superior*, 89 D.P.R. 574, a la pág. 580, "al no darse cumplimiento estricto a un requisito que el propio estatuto califica como jurisdiccional, la acción no puede seguir su curso no importa la denominación que desee atribuírsele. Cualquier pretensión en este sentido no es más que una sutileza para tratar de escapar a las consecuencias de la inadvertencia del demandante." Como puede verse, el caso de autos es distinto al de *Srio. de Justicia* v. *Tribunal Superior*, 96 D.P.R. 116 (1968), pues allí se concluyó que la interventora nunca fue notificada.

*Por los motivos expuestos se revocará la sentencia dictada por el Tribunal Superior, Sala de Bayamón, en 14 de septiembre de 1966, en este caso y se declarará sin lugar la demanda.*