ISABEL VÁZQUEZ FONTÁNEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE HUMACAO, demandado; HON. FRANCISCO DE JESÚS SCHUCK, SECRETARIO DE JUSTICIA DE PUERTO RICO, interventor.

*Número:* O-74-7      *Resuelto:* 3 de septiembre de 1974

*Néctor Robles Abraham*, abogado del peticionario; *Myriam Naveira de Rodón, Procuradora General*, y *Federico Rodríguez Gelpí, Procurador General Auxiliar*, abogados del interventor.

PER CURIAM: La Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de junio de 1960, 34 L.P.R.A. sec. 1722 (a), requiere que el funcionario bajo cuya autoridad se efectúe una confiscación notifique de la misma

"al dueño, encargado o persona con derecho o interés conocido en la propiedad ocupada, de la ocupación y tasación de los bienes ocupados; debiendo efectuarse la notificación en forma fehaciente dentro de los diez (10) días siguientes a la ocupación; entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo."

La ley dispone a continuación que los dueños, encargados o interesados en los bienes ocupados podrán impugnar la confiscación durante los quince días siguientes a la fecha de la notificación. Se ha determinado que el término para dicha impugnación de quince días es de orden jurisdiccional. *García* v. *Tribunal Superior*, 91 D.P.R. 153 (1964).

■ El problema a que se contrae este caso es precisar si el término citado de diez días de notificación representa igualmente un término inaplazable. Los hechos fueron que, luego de ocupársele al peticionario un vehículo el 1 de marzo

de 1973 por transportar ilegalmente un revólver en el mismo, el Secretario de Justicia le notificó la confiscación el siguiente 9 de marzo, vía el correo, con acuse de recibo, pero a una dirección equivocada. Al ser devuelta la notificación, el señor Secretario envió otra a la dirección correcta el 14 de marzo de 1973, excedido ya el plazo de diez días.

En *Srio. de Justicia* v. *Tribunal Superior*, 95 D.P.R. 158 (1967), resolvimos que el término de diez días que dispone la referida Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones es de naturaleza obligatoria y no directiva. En *Srio. de Justicia* v. *Tribunal Superior*, 96 D.P.R. 116 (1968), se reafirma este principio. Ya aquí se clasifica el término de diez días como obligatorio e improrrogable (a la pág. 121).

█ Los casos de esta índole deben aquilatarse a la luz del criterio establecido en *Pueblo* v. *González Cortés*, 95 D.P.R. 165 (1967), al efecto de que los estatutos confiscatorios deben interpretarse restrictivamente. Véase también *United States* v. *One Ford Coach*, 307 U.S. 219 (1939). Esta doctrina surge claramente de la severa crítica que se hace y se ha hecho de continuo a los estatutos de esta naturaleza. Finkelstein, J. J., *The Goring Ox: Some Historical Perspectives on Deodands, Forfeitures, Wrongful Death and the Western Notion of Sovereignty*, 46 Temp. L.Q. 169 (1973); Note, *Forfeiture of Property Used in Illegal Acts*, 38 Notre Dame Law. 727 (1963).

La historia legislativa del estatuto en cuestión recalca la necesidad de notificación rápida y fehaciente en este orden de casos. *Diario de Sesiones*, 1958, vol. X, t. 2, pág. 996. El dato se refuerza cuando se examina la historia de estatutos recientes, tales como el de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2101 *et seq*. En lo referente a confiscaciones dicho estatuto deriva básicamente de la ley federal de 1970 sobre el mismo asunto, Pub. L. 91–513, tit. II, sec. 511, 84 Stat. 1276, 21 U.S.C.A. sec. 881(b). Respecto al problema de

la notificación, el estatuto federal dispone tan sólo que los procedimientos se instituirán prontamente. En la Ley de Sustancias Controladas de Puerto Rico, sin embargo, Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. sec. 2512(b), nuestra Asamblea Legislativa decidió apartarse del modelo estadounidense y disponer en vez, con pleno conocimiento de las decisiones de este Tribunal en *Srio. de Justicia* v. *Tribunal Superior*, 95 D.P.R. 158 (1967) y *Srio. de Justicia* v. *Tribunal Superior*, 96 D.P.R. 116 (1968), que rigiese el procedimiento establecido por la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, 34 L.P.R.A. secs. 1721 y 1722.

Resalta el creciente rigor con que nuestra Asamblea Legislativa se ha enfrentado al problema de los procedimientos a seguir en el caso de confiscaciones no solo en casos como el apuntado en el párrafo anterior, sino al examinarse también la diferencia existente entre el procedimiento que fija la citada Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones y leyes anteriores tales como la Ley de Espíritus y Bebidas Alcohólicas, Ley Núm. 6 de 30 de junio de 1936, Art. 36; la Ley de Bolita, Ley Núm. 220 de 15 de mayo de 1948, Art. 5; y la Ley de Armas, Ley Núm. 17 de 19 de enero de 1951. En ninguna de estas últimas leyes se especificaba período alguno de notificación, situación que se corrige en la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones.

Es entendible la doctrina de la aplicación restrictiva de este tipo de estatuto, así como el celo legislativo en rodear el procedimiento de confiscación con garantías especiales, si se advierte que en casi la mitad de los estados de la Unión Americana no se cuenta con legislación para la confiscación de vehículos y que otros, como California en el 1967, han derogado dicha legislación aun en el caso de vehículos utilizados en el tráfico de narcóticos. Low, J. M., *Vehicle Forfeiture in Arizona*, 1972 Law and Soc. Order 476, 482–483.

400

El caso principal en que se apoya el Estado, *E.L.A.* v. *Tribunal Superior*, 96 D.P.R. 843 (1969), es distinguible del presente. En dicho litigio se notificó dentro del término de diez días, como supuesto dueño del vehículo, al presidente de una corporación, alegando ésta ser luego la verdadera dueña del vehículo. Allí la notificación hecha era claramente imputable, según se resolvió, a la corporación misma, la cual había, además, litigado ya sobre el mismo asunto. Tal no es el caso presente.

*Se revocará la resolución dictada por el Tribunal Superior, Sala de Humacao, y se ordenará la devolución del vehículo al peticionario, o el abono de su valor tasado, según corresponda.*