# 2003 DTA 105

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

BANCO SANTANDER DE PUERTO RICO Y UNIVERSAL INSURANCE CO.
Apelantes

v.

ESTADO LIBRE ASOCIADO DE P.R., SECRETARIO DE JUSTICIA
Apelado

Núm. KLCE-03-00529

San Juan, Puerto Rico, a 13 de junio de 2003

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Aponte Hernández y la Juez Pabón Charneco

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

La parte apelante Banco Santander de Puerto Rico (*"Banco Santander"*) es el acreedor en un contrato de venta condicional de un vehículo de motor Mitsubishi Mirage, año 1997, color blanco, que fue adquirido por el Sr. Edgar L. Martínez Alamo. El contrato aparece debidamente registrado como gravamen en el Registro de Automóviles del Departamento de Transportación y Obras Públicas.

Por su parte, la parte apelante Universal Insurance, Inc. (*"Universal"*) ha emitido una póliza para cubrir las pérdidas a dicho vehículo en aseguramiento a dicho contrato.

El 7 de noviembre de 2001, agentes de la Policía ocuparon el vehículo de motor en cuestión en el parque de pelota del Sector Los López del Barrio Quebradillas de Barranquitas. Según se desprende del récord, los agentes observaron que la tapa del baúl parecía muy moderna con relación al vehículo. Al revisar la misma, se percataron que el número de serie de la tapa había sido mutilado. El vehículo fue ocupado. Al examinar el mismo, se descubrió que otras piezas también tenían el número mutilado. Las piezas en cuestión correspondían a vehículos hurtados.

El 8 de noviembre de 2001, el Fiscal de Distrito ordenó la confiscación del vehículo, por violación a la Ley Número 120 del 31 de octubre de 1994, 13 L.P.R.A. sec. 8140, y conforme a lo dispuesto en el Artículo 14 de la Ley Número 8 del 5 de agosto de 1987, según enmendada, 9 L.P.R.A. sec. 3214.

La notificación de la confiscación fue fechada del 5 de diciembre de 2001. No obstante, la misma no fue enviada a la parte apelante, sino hasta el 21 de diciembre de 2001 y recibida por dicha parte el 28 de diciembre de 2001, esto es, fuera del término de quince (15) días establecido por el art. 4 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723b (Supl. 2003).

Las autoridades presentaron una denuncia contra el poseedor del vehículo por violación a los preceptos mencionados. El Tribunal de Primera Instancia determinó la inexistencia de causa para acusar en la etapa de vista preliminar.

El 4 de enero de 2002, los apelantes presentaron una demanda contra el Estado Libre Asociado ante el Tribunal de Primera Instancia, Sala Superior de Aibonito, impugnando la confiscación, basada en el incumplimiento por el Estado del procedimiento establecido por la citada Ley Uniforme de Confiscaciones. El E.L.A. contestó la demanda, negando las alegaciones.

Por su parte, el dueño del vehículo presentó una demanda separada de impugnación de confiscación, la que fue contestada por el E.L.A. Los casos fueron consolidados.

Oportunamente, las apelantes presentaron una moción de sentencia sumaria, alegando que no existía controversia real sustancial entre las partes en torno al hecho de que la notificación de la confiscación se había producido fuera del término jurisdiccional establecido por la Ley.

El E.L.A. se opuso a esta moción, alegando que la devolución del vehículo a la parte apelante constituia un enriquecimiento injusto, por cuanto el vehículo contenía varias piezas con número de serie mutiladas.

Luego de otros trámites, el 12 de marzo de 2003, el Tribunal de Primera Instancia emitió la sentencia apelada denegando la demanda.

En su sentencia, el Tribunal determinó que el Estado efectivamente había incumplido con el término jurisdiccional para efectuar la notificación de la confiscación establecido por la Ley Uniforme de Confiscaciones, por lo que la confiscación del vehículo resultaba nula.

No obstante, el Tribunal entendió que estaba impedido de conceder el remedio solicitado a la parte apelante. El Tribunal observó que la posesión de un vehículo de motor con los números de motor o serie mutilados constituye una violación al art. 21 de la Ley de Propiedad Vehicular, 9 L.P.R.A. sec. 3220. El Tribunal expresó:

*"Aunque en este caso la persona resultó absuelta de la infracción del artículo anterior, ya sea porque no se pueda probar que fue voluntariamente o a sabiendas, requisitos expresos de dicho artículo, ello no necesariamente significa que el vehículo en cuestión no cuenta con dicho defecto en la numeración. Esta condición del vehículo lo convierte en uno ilegal que no está autorizado a transitar por las vías públicas de Puerto Rico. Por lo que este Tribunal no puede ordenar que sea devuelto un vehículo que es ilegal. Tampoco podemos ordenar que sea devuelta la cantidad de la tasación de un vehículo que no está autorizado a transitar en las carreteras. Al hacerlo, estaríamos propiciando el que un vehículo no autorizado transite ilegalmente por las vías públicas."*

El Tribunal denegó así todo remedio a la parte apelante. Insatisfechos, Banco Santander y Universal recurrieron ante este Tribunal. ▊

## II

En su recurso, las apelantes plantean que el Tribunal de Primera Instancia erró al negarles todo remedio, a pesar de haber concluido que la confiscación había sido ilegal.

La Ley Uniforme de Confiscaciones autoriza la confiscación a favor del Estado Libre Asociado de Puerto Rico de toda propiedad, que sea utilizada con relación a la comisión de delitos graves y menos graves, según tipificados en, *inter alia,* las leyes fiscales, leyes contra la apropiación ilegal de vehículos y leyes de vehículos y tránsito. 34 L.P.R.A. sec. 1723 (Supl. 2002); véase, *Cooperativa de Seguros Multiples v. Estado Libre Asociado de Puerto Rico,* 158 D.P.R. ___, **2003 J.T.S. 43**, a la pág. 738; *First Bank v. Estado Libre Asociado*, 156 D.P.R. ___ (2002), **2002 J.T.S. 16**, a la pág. 657.

El procedimiento de confiscación, según ha aclarado el Tribunal Supremo de Puerto Rico, tiene un carácter *in rem.* El mismo no va dirigido, como los estatutos penales, contra el autor o autores del delito, sino contra el objeto utilizado en la comisión del acto criminal. Su propósito no es únicamente castigar al dueño o la persona que cometió el delito, sino que también tiene el propósito de prevenir que la propiedad pueda ser utilizada nuevamente para cometer otras fechorías. Véanse, *Cooperativa de Seguros Múltiples v. Estado Libre Asociado de Puerto Rico*, 158 D.P.R. ___, **2003 J.T.S. 43**, a la pág. 738; *Negrón Placer v. Secretario de Justicia*, 154 D.P.R. ___ (2001), **2001 J.T.S. 66**, a la pág. 1,198; *Santiago v. Superintendente de la Policía de Puerto Rico*, 151 D.P.R. ___ (2000), **2000 J.T.S. 115**, a la pág. 1,467; *Alejandro Rivera v. E.L.A.,* 140 D.P.R. 538, 542 (1996); *Del Toro Lugo v. E.L.A.,* 136 D.P.R. 973, 982 (1994); *Carlo v. Secretario de Hacienda,* 107 D.P.R. 356, 362-363 (1978); *Pueblo v. González Cortés*, 95 D.P.R. 164, 167-168 (1967); *E.L.A. v. Tribunal Superior,* 94 D.P.R. 717, 721 (1967); *Ochoteco v. Tribunal Superior,* 88 D.P.R. 517, 528 (1963).

El estatuto provee un procedimiento rápido para la impugnación de la confiscación, imponiendo al Estado requisitos estrictos de notificación para poder validar su actuación. Veánse, 34 L.P.R.A. sec. 1723a, 1723f; *Cooperativa de Seguros Múltiples v. Estado Libre Asociado de Puerto Rico,* 158 D.P.R. ___, **2003 J.T.S. 43**, a la pág. 739; *Santiago v. Superintendente de la Policía de Puerto Rico*, **2000 J.T.S. 115**, a la pág. 1,467; *Del Toro Lugo v. E.L.A.,* 136 D.P.R. ___, a la pág. 159; *Carlo v. Secretario de Hacienda,* 107 D.P.R. ___, a las págs. 362-363.

En particular, el Estado viene obligado a notificar al dueño del bien confiscado *"en forma fehaciente"*, dentro de los quince (15) días siguientes a la ocupación, mediante el envío por correo certificado *"a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada."* 34 L.P.R.A. sec. 1723b.

El incumplimiento con este requisito acarrea la nulidad de la confiscación. *Coop. Servicios Múltiples v. Srio. Hacienda,* 118 D.P.R. 115, 118 (1986); *Colón Medina v. Secretario de Hacienda,* 109 D.P.R. 540, 544 (1980); *Vázquez Fontánez v. Tribunal Superior,* 102 D.P.R. 396, 398-399 (1974); *Secretario de Justicia v. Tribunal Superior,* 96 D.P.R. 116, 121 (1968), *Srio. de Justicia v. Tribunal Superior,* 95 D.P.R. 158, 161 (1967).

Al estar involucrada la privación de la propiedad de los ciudadanos, la notificación exigida por la Ley Uniforme de Confiscaciones constituye un requisito del debido proceso de ley. Véase, *Negrón Placer v. Secretario de Justicia,* **2001 J.T.S. 66**, a la pág. 1,198; *Santiago v. Superintendente de la Policía de Puerto Rico,* **2000 J.T.S. 115**, a la pág. 1,467; *García v. Tribunal Superior,* 91 D.P.R. 153, 155 (1964).

Entre otras personas a quien se reconoce interés en estos casos, la Ley requiere que se notifique al dueño del vehículo según el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación hubiera presentado su contrato para ser archivado. 34 L.P.R.A. sec. 1723a (Supl. 2002).

Una vez se ha confiscado la propiedad, la misma es tasada y transferida a la Junta de Confiscaciones creada por el estatuto, dentro del término dispuesto por la Ley. 34 L.P.R.A. sec. 1723k.

El art. 8 de la Ley autoriza a las personas afectadas a presentar una demanda contra el Estado Libre Asociado para impugnar la confiscación dentro de los quince (15) días siguientes a la fecha en que se reciba la notificación. Véase, *Cooperativa de Seguros Múltiples v. Estado Libre Asociado de Puerto Rico,* 158 D.P.R. \_\_\_, **2003 J.T.S. 43**, a la pág. 739; *Citibank, N.A. v. Secretario de Justicia,* 154 D.P.R. \_\_\_ (2001), **2001 J.T.S. 66**. El procedimiento se tramita como una acción civil ordinaria. *Cooperativa de Seguros Múltiples v. Estado Libre Asociado de Puerto Rico,* 158 D.P.R. \_\_\_, **2003 J.T.S. 43**, a las págs. 741-742; 34 L.P.R.A. sec. 1723f.

El demandante, dentro de los quince (15) días de la presentación de su demanda, puede prestar una garantía a favor del E.L.A. por el importe de la tasación de la propiedad ocupada. Aprobada la misma por el Tribunal, el demandante puede recuperar la posesión del bien confiscado. *Cooperativa de Seguros Múltiples v. Estado Libre Asociado de Puerto Rico,* **2003 J.T.S. 43**, a la pág. 739; 34 L.P.R.A. § 1723h.

En caso contrario, la Junta de Confiscaciones puede disponer de la propiedad, reteniéndose el valor de su tasación. 34 L.P.R.A. sec. 1723k-1.

Cuando el tribunal decreta la nulidad de la confiscación, el artículo 13 de la Ley establece que la Junta debe devolver la propiedad ocupada al demandante o, en caso de que se hubiera dispuesto de la misma, que el Estado Libre Asociado deberá pagar al demandante el importe de la tasación al momento de la ocupación o la cantidad de dinero por la cual se haya vendido, la que resulte mayor, más intereses, de acuerdo a la Regla 44.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44.3, a partir de la fecha de la ocupación. De esta suma podrán descontarse los gastos incurridos por la Junta en la reparación de la unidad, en caso que esto aplique, 34 L.P.R.A. sec. 1723k-1.

En el presente recurso, no existe controversia en torno a que el Estado notificó la confiscación fuera del término provisto por Ley, lo que la confiscación del vehículo resultaba nula. Así lo admite el Estado en su comparecencia.

El Tribunal de Primera Instancia, sin embargo, entendió que, en esta situación, no procedía devolver el vehículo a la parte apelante, toda vez que, por contar con piezas con número de serie mutilado, se trata de un bien *per se* ilegal, cuyo tráfico por las calles de nuestra jurisdicción resulta prohibido. *Fernández v. Secretario de Hacienda*, 122 D.P.R. 636, 646-647 (1988).

Somos de la opinión que, ante esta circunstancia, y habiéndose decretado la ilegalidad de la confiscación, el remedio procedente resulta ser la devolución a la parte demandante del valor de la tasación del vehículo, según lo contempla el citado artículo 13 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723k-1.

Debe tenerse en cuenta que la confiscación de un automóvil afecta el interés propietario de una parte sobre el bien en cuestión, lo que está protegido por la garantía constitucional al debido proceso de ley. *Fernández v. Secretario de Hacienda*, 122 D.P.R. __, a las págs. 649-650, n. 11.

Observamos que el Tribunal Supremo de Puerto Rico ha declinado resolver que la parte demandante carece de remedio alguno en este tipo de situación, según plantea el Estado en su comparecencia. *Fernández v. Secretario de Hacienda*, 122 D.P.R. __, a las págs. 649-650, n. 11.

Precisamente, en *Fernández v. Secretario de Hacienda*, el Tribunal Supremo de Puerto Rico resolvió que, en este tipo de situaciones, aunque la parte demandante no tiene derecho a ser repuesta a la posesión del vehículo mediante la prestación de la fianza contemplada por la Ley Uniforme de Confiscaciones, el Gobierno viene en la obligación *"de mantener en su poder el vehículo confiscado -en buen estado-, hasta la dilucidación final del pleito de impugnación radicado,"* 122 D.P.R. __, a la pág. 649, lo que sugiere que, de prevalecer en su demanda, la parte demandante tiene derecho a un remedio. Este asunto debe ser objeto de *"juicioso análisis"* por parte del foro de instancia. 122 D.P.R. __, a la pág. 650, n. 11.

Consideramos que la mejor solución a este problema es proveer al demandante el remedio accesorio que dispone la propia Ley Uniforme de Confiscaciones, de devolverle el valor de tasación de su vehículo, con intereses, descontados aquellos gastos legítimos que reconoce la propia ley. Esta compensación no constituye un enriquecimiento injusto cuando, como en el presente caso, no existe prueba de que la parte poseedora del vehículo hubiera actuado ilegalmente y la consfiscación fue claramente ilegal. *First Bank v. Estado Libre Asociado*, 156 D. P.R. __ (2002), **2002 J.T.S. 16**, a la pág. 657; *Del Toro Lugo v. E.L.A.,* 136 D.P.R. __, a la pág. 983.

Observamos que la dificultad que impide el uso del vehículo podría ser subsanada por el Estado, mediante la asignación de un número de reemplazo de las piezas, véase la Ley Núm. 72 de 27 de enero de 2003; véase, además, el Reglamento Núm. 4021 sobre Registro e Inventario de los Vehículos de Motor aprobado el 15 de septiembre de 1989 por la Junta Interagencial para Combatir la Apropiación Ilegal de Automóviles, lo que quiere decir que el Estado puede aprovechar el uso del vehículo confiscado. A diferencia de la parte peticionaria, de este modo, el E.L.A. estaría en posición de enriquecerse injustamente en la situación de autos, a base de una actuación ilegal.

El Estado sólo puede ejercitar su poder de Policía dentro de los parámetros establecidos por la Ley. Véase, *Culebra Enterprises Corp. v. E.L.A.,* 143 D.P.R. 935, 947 (1997); *Hampton Development Corp. v. E.L.A.,* 139 D. P.R. 877, 888-889 (1996). Reconocer que una actuación *ultra vires* del Estado no puede ser remediada, cuando la Ley establece un claro remedio que no resulta ilegal ni contradice el orden público, nos parece irrazonable.

Por los fundamentos expresados, se revoca la sentencia apelada. En su lugar, se declara con lugar la demanda de la parte apelante y se ordena al Estado pagar a dicha parte el valor de tasación del vehículo, más los intereses dispuestos por ley a partir de la ocupación, a lo que podrán descontarse los gastos reconocidos por ley que hubiesen sido incurridos por el Estado.

Lo pronunció y lo manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 2003 DTA 105**

**1.** A pesar de que la parte apelante presentó su recurso como una apelación, el mismo fue incorrectamente designado como uno de *certiorari* por la Secretaria de este Tribunal. Hemos optado por ignorar dicha designación y tramitar el recurso según fuese presentado, conforme nos faculta la Ley de la Judicatura de Puerto Rico de 1004, 4 L.P.R.A. sec. 22k (Supl. 2002).