TEXTO COMPLETO DE LA RESOLUCIÓN
Considerado el recurso de certiorari y la moción en auxilio de jurisdicción sobre un dictamen emitido por el Tribunal de Primera Instancia, Sala de Arecibo, que otorgó la custodia provisional de dos menores de edad por su seguridad al Departamento de la Familia y pautó una vista de seguimiento, luego de varios trámites, para el 28 de marzo de 2007, se deniegan ambos. Veamos el porqué de nuestro dictamen.
I
La controversia ante nuestra atención tiene sus inicios el 28 de septiembre de 2005, cuando la peticionaria Omayra Soto Rosa fue ingresada de manera involuntaria por problemas de salud mental en una institución hospitalaria. (Ap. 1, págs. 1-8.) Ante tal evento, sus dos hijas menores de edad fueron puestas bajo la custodia del Departamento de la Familia. (Ap. 1, págs. le-lj.) Aunque originalmente el Departamento de la Familia dejó las dos menores de edad bajo la custodia de la abuela materna, éstas tuvieron que ser removidas por no tener un cuido adecuado. Como consecuencia de ello, las niñas fueron ubicadas con su padre biológico.
Luego de varios trámites, el Departamento de la Familia solicitó al tribunal de instancia remover a las niñas de la custodia de su madre, la aquí peticionaria, y de su padre por razón de la seguridad física y emocional de éstas. (Ap. págs. 6-a-6c.) En particular, el padre de las menores aludidas no cumplía con la manutención y *927 apenas se relacionaba con éstas; además, estaba cumpliendo una sentencia suspendida por delito de asesinato. También se pudo constatar por el Departamento de la Familia, que la compañera consensual del padre de las menores, las maltrataba. Eventualmente, el Tribunal de Primera Instancia, el 1 de febrero de 2006, ordenó la remoción de las menores por su seguridad física y emocional y las dejó bajo la custodia del Departamento de la Familia. (Véase, además, Ap. 19, págs. 7b-7d.)
Así las cosas, la peticionaria continuó recibiendo la ayuda médica para su condición y los servicios del Departamento de la Familia, según lo ordenado por el Tribunal de Primera Instancia. En una vista de seguimiento celebrada por el foro de instancia el 26 de abril de 2006, se le entregó la “custodia física ” de las menores a la peticionaria, pues ésta “ha cumplido [el tratamiento] y el ajuste ha sido excelente El tribunal revisado señaló una vista de seguimiento, para el 2 de agosto de 2006. (Ap. 16, pág. 16a.)
Luego de varias vistas de seguimiento pautadas por el foro de instancia para el 2 de agosto de 2006 y el 11 de octubre de 2006, se le informó al tribunal que la peticionaria continuaba con el tratamiento y el programa al que fue referida. No obstante, se recomendaba que continuara la custodia legal de las menores bajo el Departamento de la Familia, pues la peticionaria “no ha demostrado poseer destrezas en la administración del presupuesto, en la toma de decisiones asertivas (Ap. 20. págs. 20ss.)
En el informe social rendido al tribunal de instancia el 10 de diciembre de 2006, se recomendaba que la peticionaria fuera nuevamente evaluada y se señalara una vista de seguimiento dentro de los próximos tres (3) meses, a fin de resolver la controversia sobre custodia. La vista de seguimiento sobre el particular fue pautada por el foro de instancia para el 28 de marzo de 2007.
Inconforme con el trámite antes aludido, la peticionaria acude ante nos y alega, en síntesis, que incidió el foro de instancia y abusó de su discreción al continuar los procedimientos aun cuando ya habían transcurrido más de seis (6) meses desde sus inicios. Por lo cual, alega que el Estado le estaba privando a la peticionaria de la custodia de sus hijas, sin ofrecer los servicios dispuestos por ley y sin que mediara justa causa.
No le asiste la razón a la peticionaria en su reclamo, conforme el estado de derecho vigente que a continuación exponemos.
II
El ordenamiento jurídico vigente respecto al bienestar de menores dispone que el Estado, en el ejercicio de su poder de parens patriae, tiene “la obligación de velar por la seguridad, el mejor interés y bienestar de la infancia y adolescencia”. Exposición de Motivos, Ley para el Bienestar y Protección Integral de la Niñez. Véase, 8 L.P.R.A. see. 444, Historial (Supl. 2006).
Sobre el particular, dicho estatuto regula los remedios a concederse y los derechos que tienen los menores y sus padres, en un procedimiento sobre maltrato y negligencia. El Artículo 42, supra, dispone que en aquellos casos que se le prive a unos padres de la custodia de sus hijos, el regreso de éste al hogar debe ordenarse por el tribunal, siempre y cuando “las condiciones de riesgo existente al momento de la remoción en dicho lugar no constituyen al presente un riesgo para el bienestar y la integridad física, mental, emocional o sexual del menor”. 8 L.P.R.A. sec. 447k.
Cuando se alega un caso de maltrato y negligencia, el Estado deberá proveer los servicios necesarios que el tribunal estime convenientes, a fin de corregir la conducta antisocial y lograr la más rápida integración de la familia. El tribunal podrá otorgar la custodia física del menor maltratado al Departamento de la Familia, si así lo estima conveniente, en aras de su mejor interés. Ahora bien, la privación de la custodia a los padres de manera provisional, “no será mayor de seis (6) meses, prorrogable por justa causa hasta un máximo de un (1) año, sujeto a las condiciones que estime convenientes”. Art. 43, Ley para el Bienestar y Protección Integral de la
*928 Niñez, 4 L.P.R.A. sec. 4471 (Supl. 2006).
Nuestro más alto foro insular ha resuelto sobre dicho estatuto que:

“En fin, la Ley para el Bienestar y Protección Integral de la Niñez, ante, reconoce la facultad del Estado de privarle, restringirle o suspenderle a los padres la patria potestad o custodia sobre sus hijos. Reconoce, específicamente, la facultad del Departamento de la Familia de iniciar ante los tribunales los anteriores procedimientos. Ahora bien, ciertamente, esta facultad debe ejercerse de forma prudente y cuidadosa. Ello, porque los menores de edad no son meras criaturas del Estado y debido a que la relación entre padres e hijos está protegida constitucionalmente y los padres, de ordinario, tienen derecho a decidir sobre el cuido, la custodia y el control de sus hijos.

i..]

Ello no obstante, los derechos de los padres pueden ser limitados en aras de proteger el interés apremiante del Estado, consistente el mismo en el bienestar de los menores. (Cita omitida.) En ese sentido, hemos expresado que aun cuando el derecho de un progenitor a tener consigo a sus hijos es uno de superior jerarquía, el mismo tiene que ceder ante la facultad de parens patriae del Estado de salvaguardar y proteger el bienestar del menor. (Citas omitidas.)”

Rivera Aponte v. Morales Martínez, opinión de 3 de marzo de 2006, 2006 J.T.S. 41, pág. 1013.
Asimismo, en aspectos de hermenéutica legal, las leyes deben interpretarse para lograr los resultados propuestos en éstas y salvar la intención y el propósito del legislador al aprobarlas. A.S.G. v. Mun. de San Juan, opinión de 30 de junio de 2006, 2006 J.T.S. 124, pág. 1647. Cuando una ley dispone que el “tribunal podrá” conceder un remedio, se debe interpretar que se le concede discreción al ejercer el descargo de su responsabilidad adjudicativa. Por lo tanto, el vocablo “podrá”. &s directivo y cae en el ámbito discrecional del tribunal el ejercer o conceder los remedios así dispuestos por ley. Srio. de Justicia v. Tribunal Superior, 95 D.P.R. 158, 161 (1967). Véase, además, Consejo para la Protección del Patrimonio Arqueológico v. Mun. de Barceloneta, opinión de 20 de junio de 2006, 2006 J.T.S. 11, pág. 1480.
Por otra parte, se define que un tribunal abusa de su discreción, cuando al emitir un dictamen no tiene en cuenta o ignora las normas jurídicas vigentes para llegar a una conclusión errónea que, inclusive, no se sostiene por el expediente judicial. García v. E.L.A., opinión de 12 de julio de 2005, 2005 J.T.S. 108, pág. 1554; Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 657-658 (1997).
III
Con el marco doctrinal antes esbozado, procedemos a aplicarlo al trámite llevado a cabo ante el foro de instancia.
Del análisis de los documentos presentados por la parte peticionaria, surge que ésta fue hospitalizada de manera involuntaria por problemas de salud mental. Ante tales circunstancias, las dos hijas menores de edad de la peticionaria fueron removidas del hogar por parte del Departamento de la Familia, estableciéndose un plan de servicios, para lidiar con la emergencia así ocurrida. Aunque el Departamento de la Familia trató de conseguir recursos dentro de la familia de la parte peticionaria a fin de que ésta retuviera la custodia provisional de las menores, los mismos no eran viables por no cumplir con los requisitos necesarios al respecto.
Por otra parte, es un hecho irrebatible que la peticionaria ha estado recibiendo durante los últimos meses los servicios que provee el Departamento de la Familia, en particular, sobre el tratamiento sicológico y psiquiátrico para su condición, y los mismos le han sido favorables. No obstante, el último informe presentado al foro de *929 instancia por parte de la trabajadora social del Departamento de la Familia, aunque reconoce que la peticionaria ha mejorado su condición, ésta “no ha demostrado poseer destrezas en la administración del presupuesto, en la toma de decisiones asertivas, en la identificación de los recursos existentes y utilizarlo en su beneficio y el de su núcleo familiar”. (Ap. 20.) Ante tales circunstancias, la trabajadora social le recomendó al tribunal de instancia que se mantuviese la custodia provisional de las menores aludidas en manos del Departamento de la Familia y la custodia física como se había concedido hasta el presente a favor de la peticionaria, “por un período no mayor de tres meses”, a fin de coordinar una discusión con el psiquiatra que atiende a dicha parte. A su vez, en dicho informe, la trabajadora social recomendaba como plan de permanencia que las menores retomaran al hogar biológico materno; además, que éstas recibieran todos los cuidados y atenciones necesarias que ofrece el departamento, incluyendo las terapias sicológicas. (Ap. 20.)
Conforme a lo antes aludido, concluimos que el Tribunal de Primera Instancia ha realizado un trámite adecuado y según lo dispone la Ley para el Bienestar y Protección Integral de la Niñez, por lo cual, la vista que ha sido señalada para el día 28 de marzo de 2007, a fin de disponer de manera final la controversia sobre la custodia provisional de las menores es correcta en derecho. En esta etapa de los procedimientos, el foro de instancia tiene prueba suficiente ante sí para mantener la custodia provisional de las menores en el Departamento de la Familia y otorgar la custodia física a la parte aquí peticionaria. Una vez se demuestre en la vista pautada por el foro de instancia para el día 28 de marzo de 2007, que las condiciones de riesgo existentes al momento de la remoción de las menores del hogar ya no existen, se podrá ordenar que le sea otorgada finalmente la custodia legal a la parte peticionaria.
En resumen, el foro de instancia no ha abusado de su discreción durante el procedimiento que se está llevando a cabo sobre la custodia provisional de las menores y la parte peticionaria Omayra Soto Rosa, por lo cual no hay razón en derecho para intervenir con su dictamen.
IV
Por lo anteriores fundamentos de derecho, se deniega expedir el auto de certiorari y la moción en auxilio de jurisdicción.
Notifíquese inmediatamente por la vía ordinaria.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones