PEDRO GARCÍA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. ANTONIO J. MATTA, JUEZ, demandado.

*Número:* C-64-45    *Resuelto:* 30 de octubre de 1964

*Héctor M. Martínez Colón*, abogado del peticionario; *J. B. Fernández Badillo, Procurador General, Rodolfo Cruz Contreras, Sub-Procurador General, y Manuel Tirado Viera, Procurador General Auxiliar*, abogados del demandado.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

■ La "Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones"—Ley Núm. 39 de 4 de junio de 1960, según fue enmendada por la Núm. 10 de 1ro. de septiembre de 1961—dispone que cuando un vehículo, bestia o embarcación marítima o aérea fuere confiscado en virtud de lo dispuesto por . . . la Ley Núm. 220 de 15 de mayo de 1948, . . . el procedimiento se iniciará mediante la ocupación de la propiedad por el Secretario de Justicia, el Secretario de Hacienda, o el Superintendente de la Policía. . . . El funcionario bajo cuya autoridad se actúe notificará al dueño, encargado o persona con derecho o interés en la propiedad ocupada, de la ocupación y tasación de los bienes ocupados; "debiendo efectuarse la notificación en forma *fehaciente*, dentro de los diez (10) días siguientes a la ocupación; *entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo*. Los dueños, encargados o interesados en los bienes ocupados podrán impugnar la confiscación dentro de los quince (15) días siguientes *a la fecha de la notificación*, mediante demanda contra el funcionario bajo cuya autoridad se haya efectuado la confiscación,". . . . Dispone la Ley que . . . "[L]a radicación de la demanda de impugnación dentro del término aquí establecido se considerará requisito jurisdiccional previo para el ejercicio de la acción aquí autorizada."

El 12 de junio de 1963 el Secretario de Justicia confiscó un automóvil propiedad del peticionario. El 15 de julio de 1963 el peticionario interpuso demanda en la Sala de Ponce del Tribunal Superior impugnando la confiscación. El Secretario de Justicia levantó la defensa especial de falta de jurisdicción por razón de que él notificó la confiscación al peticionario el 21 de junio de 1963 y hubo transcurrido en exceso el período de 15 días cuando se interpuso la demanda. La cuestión jurisdiccional le quedó sometida a la Sala sentenciadora en virtud de la siguiente estipulación de hechos que transcribe en su sentencia:

"1.—El Secretario de Justicia notificó a Pedro García Rodríguez a su dirección en Barriada Felicia 1, #19 de Santa Isabel, Puerto Rico, por correo certificado con acuse de recibo la confiscación del vehículo a que se refiere la demanda, depositando en el correo de San Juan dicha notificación el día 21 de junio de 1963.

"2.—Aunque del sobre que contiene la notificación aparece que el mismo se recibió en el correo de Santa Isabel en junio 22, no fue hasta el 1ro. de julio que se le entregó la carta certificada a Pedro García Rodríguez."

La Sala sentenciadora se declaró sin jurisdicción.

La controversia ante nos gira en torno a la interpretación de las disposiciones estatutarias aludidas. Dice la Ley que la demanda se radicará dentro de los 15 días siguientes *a la fecha de la notificación*. El Secretario de Justicia sostiene que esa fecha la constituye el momento en que él depositó la notificación en el correo. El peticionario sostiene que debe contarse a partir del momento en que se le entregó la notificación.

La confiscación de un vehículo, cualquiera que sea su justificación en protección de la sociedad, no deja de ser una privación de la propiedad por la autoridad pública. El hecho debe quedar revestido de todas aquellas garantías que el debido procedimiento de ley requiere. Creemos que el estatuto por su texto concede dichas garantías. Dispone que la notificación, punto de partida para el término de caducidad, se

haga en forma "fehaciente", o sea, de manera que haga fe en juicio, de manera cierta, evidente, fidedigna e irrefutable. (¹) Dispuso también el Legislador que se entiende perfeccionada la notificación mediante su envío por correo con acuse de recibo. Dos son los elementos para el perfeccionamiento:— el envío por correo y acuse de recibo. No podemos estar de acuerdo en que basta el depósito en el correo para que se entienda perfeccionada la notificación. Si fuera así, resultaría enteramente supérfluo lo de acuse de recibo, y el Legislador no hace cosas inútiles.

■ Estipulado por las partes que como cuestión de hecho la notificación puesta en el correo se le entregó al peticionario el 1ro. de Julio de 1963, ahí ocurrió el acuse de recibo, o sea, tuvo lugar el segundo factor del perfeccionamiento. (²) Otra interpretación de la Ley ante los hechos de este caso, aparte de alejarse de su texto, no respondería a la mejor tradición del derecho del peticionario a ser oído y a que se le venza en juicio antes de que se le prive de su propiedad, aun cuando esto sea por vía punitiva o como consecuencia de la comisión de delito.

*Se revocará la sentencia recurrida, se dictará otra sosteniendo la jurisdicción de la Sala sentenciadora y se le devuelven los autos para procedimientos ulteriores compatibles con lo aquí dispuesto.*

---

(¹) Sainz de Robles: *Diccionario Español de Sinónimos.*

(²) Vox da "acusar" en su acepción 4ta. como "avisar o notificar [el recibo] de cartas, oficios, etc." "Acuse": Acepción 4ta., acción y efecto "de recibo". "Acuse"—Cabanellas, *Diccionario Ideológico*: Acción y efecto de acusar recibo de una cantidad, de una cosa o documento. "Acusar"— con relación a cartas, pagos, documentos, etc. "participar que se ha recibido".