CC-1999-08                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| William Santiago Meléndez<br>        Peticionario<br><br>        v.<br><br>Superintendente de la Policía<br>de Puerto Rico,<br>Secretario de Justicia de Puerto Rico<br>        Recurridos | Certiorari<br><br>2000 TSPR 95 |

Número del Caso: CC-1999-0008

Fecha: 23/junio/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Panel Integrado por:

>           Hon. Ramos Buonomo
>           Hon. González Román
>           Hon. Córdova Arone

Abogados de la Parte Peticionaria:

>           Bufete Hoffmann & Asoc.
>           Lcdo. Paquito Rivera Rivera

Oficina del Procurador General:

>           Lcda. Sylvia Roger Stefani
>           Procuradora General Auxiliar

Materia: Confiscación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

William Santiago Meléndez

  Peticionario

  v.

Superintendente de la Policía        CC-1999-08     Certiorari
de Puerto Rico, Secretario de
de Justicia de Puerto Rico

  Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Hernández
Denton

San Juan, Puerto Rico, a 23 de junio de 2000.

Nos corresponde determinar en qué momento es que comienza a decursar el término jurisdiccional de quince (15) días para instar una demanda de impugnación de confiscación, según dispuesto en la Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723 et seq.

Examinada la letra clara del estatuto, así como nuestra jurisprudencia anterior, resolvemos que dicho término comienza a decursar a partir del momento en que el peticionario recibe la notificación, cursada por el Estado, relativa al proceso de confiscación.

I

En una intervención policiaca, la Policía de Puerto Rico ocupó al Sr. William Santiago Meléndez la cantidad de cuatro mil doscientos cincuenta y nueve dólares ($4,259.00). Además se radicaron denuncias contra el señor Santiago Meléndez por infracciones a la Ley de Sustancias Controladas. Celebrada la vista preliminar no se encontró causa probable para acusar.

El 1 de diciembre de 1997, se le envió al Sr. Santiago Meléndez una notificación con acuse de recibo relativa al proceso de confiscación. Dicha notificación se envió a la dirección que aparecía en el Formulario de Propiedad Ocupada firmado por el Sr. Santiago Meléndez. La correspondencia fue devuelta en tres ocasiones distintas, el tres (3), cinco (5) y veinticuatro (24) de diciembre, con la impresión postal de correspondencia no reclamada ("unclaimed").[1]

El 8 de enero de 1998, el Sr. Santiago Meléndez instó demanda de impugnación de la confiscación contra el Superintendente de la Policía y otros. El Procurador General solicitó la desestimación de la demanda, alegando que los quince (15) días jurisdiccionales dispuestos por ley para impugnar la confiscación comenzaron a decursar desde que le fue hecha la notificación el 1 de diciembre de 1997. Por su parte, el Sr. Santiago Meléndez adujo que nunca recibió la notificación, por lo que no pudo comenzar a correr el término jurisdiccional para instar la demanda de impugnación.

El Tribunal de Primera Instancia asumió jurisdicción y determinó que el término jurisdiccional para impugnar la confiscación comenzó a partir desde el último intento que se hizo para notificar al Sr. Santiago Meléndez, es decir, desde el 24 de diciembre, por lo que el 8 de enero de 1998, el Sr. Santiago Meléndez estaba en tiempo para instar la demanda de impugnación, por lo cual el tribunal a quo tenía jurisdicción para atender el caso.

---

[1] Como posible causa de la dificultad en la entrega, notamos que en la dirección que figura en la notificción enviada a Santiago Meléndez, el código postal era incorrecto.

Inconforme, el Procurador General acudió al Tribunal de Circuito de Apelaciones. El foro apelativo revocó la determinación de instancia al concluir que el Estado cumplió con su obligación de notificar la confiscación al depositar en el correo la notificación, dentro de los quince (15) días de la ocupación del objeto confiscado, mediante correo certificado con acuse de recibo. Estimó que la notificación hecha fue fehaciente, aunque no la hubiese recibido el peticionario.

Oportunamente, el Sr. Santiago Meléndez acudió ante nos.Examinado el expediente, así como los argumentos de las partes, resolvemos.

II

En nuestra jurisdicción la confiscación es el acto mediante el cual el Estado ocupa e inviste para sí, toda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones, así como en otras leyes. Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, 34 L.P.R.A. sec. 1723.

En Puerto Rico, el procedimiento de confiscaciones contenido en la Ley Uniforme de Confiscaciones, supra, es de carácter civil o *in rem* E.L.A. v. Tribunal Superior, 96 D.P.R. 843 (1969); véase, además, la Exposición de Motivos de la citada Ley Núm. 93.

Independientemente de la naturaleza civil de la confiscación los estatutos confiscatorios deben interpretarse restrictivamente ya que a pesar de tratarse de una acción de naturaleza civil, la forma en que es aplicada la sanción, el procedimiento que se utiliza y las defensas permitidas en éste, reflejan un propósito punitivo. La confiscación de

los bienes se considera un elemento disuasivo para que una persona, por temor a exponerse al peligro de perder su propiedad, limite su actividad delictiva o se dificulte su realización. <u>Pueblo</u> v. <u>González Cortés</u>, 95 D.P.R. 165 (1967); véase además la Exposición de Motivos de la Ley Núm. 14 de 10 de junio de 1993, enmendadora de la Ley Núm. 93, <u>supra</u>.

Delineada la naturaleza y los propósitos que orientan nuestra Ley Uniforme de Confiscaciones, nos corresponde examinar a partir de qué momento es que debe de computarse el término jurisdiccional de quince (15) días dispuesto en ley para que el afectado pueda instar una demanda e impugnar la confiscación.

### III

La Ley Uniforme de Confiscaciones, <u>supra</u>, dispone que la demanda de impugnación de la confiscación se presentará dentro de quince (15) días siguientes a la fecha de la notificación del proceso de confiscación por el Estado. En el presente caso, el Procurador General sostiene que esa fecha la constituye el momento en que se deposita la notificación por correo. A *contrario sensu* el Sr. Santiago Meléndez sostiene que debe contarse a partir del momento en que se le entregue la notificación.

El Artículo 4 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723b, dispone que:

> [l]a notificación se hará en forma fehaciente, dentro de los quince (15) días siguientes a la ocupación, mediante su envío por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada.

Por su parte, el Artículo 8 de la misma ley, 34 L.P.R.A. sec. 1723f, establece en lo pertinente, que:

> [l]as personas notificadas a tenor con lo dispuesto en este Capítulo podrán impugnar la confiscación **<u>dentro de los quince (15) días siguientes a la fecha en que se reciba la notificación</u>** mediante la radicación de un demanda...” Énfasis suplido.

Es decir, de la letra clara de la ley se desprende que **el término de quince (15) días** jurisdiccionales, a partir del cual se considera que

una persona afectada ha sido notificada en forma fehaciente de la

confiscación, **se cuenta desde que la persona notificada recibió la

notificación, es decir a partir de la fecha que surge del acuse de

recibo de la notificación.**

En García v. Tribunal Superior, 91 D.P.R. 153 (1964), resolvimos,

al amparo de la ley anterior de confiscaciones, Ley de Confiscación de

Vehículos, Bestias y Embarcaciones, Ley Núm. 39 de 4 de junio de 1960[2],

una controversia similar a la planteada en el presente caso. En aquella

ocasión determinamos:

> "La confiscación de un vehículo, cualquiera que sea su
> justificación en protección de la sociedad, no deja de ser una
> privación de la propiedad por la autoridad pública. El hecho
> debe quedar revestido de todas aquellas garantías que el
> debido proceso de ley requiere. Creemos que el estatuto por
> su texto concede dichas garantías. **Dispone que la
> notificación, punto de partida para el término de caducidad,
> se haga en forma "fehaciente", o sea, de manera que haga fe en
> juicio, de manera cierta, evidente, fidedigna e irrefutable.**
> [Nota Omitida] **Dispuso también el Legislador que se entiende
> perfeccionada la notificación mediante su envío por correo con
> acuse de recibo. Dos son los elementos para el
> perfeccionamiento: el envío por correo y acuse de recibo. No
> podemos estar de acuerdo en que basta el depósito en el correo
> para que se entienda perfeccionada la notificación. Si fuera
> así, resultaría enteramente superfluo lo de acuse de recibo, y
> el Legislador no hace cosas inútiles.**
>
> **Estipulado por las partes que como cuestión de hecho la
> notificación puesta en el correo se le entregó al peticionario
> el 1ro. de julio de 1963, ahí ocurrió el acuse de recibo, o
> sea, tuvo lugar el segundo factor del perfeccionamiento.** Otra
> interpretación de la Ley ante los hechos de este caso, aparte
> de alejarse de su texto, no respondería a la mejor tradición
> del derecho del peticionario a ser oído y a que se le venza en
> juicio antes de que se le prive de su propiedad, aun cuando
> esto sea por vía punitiva o como consecuencia de la comisión
> de delito." Énfasis suplido.

Igual resultado se impone en el caso de autos, máxime cuando el

Artículo 8 de la ley, 34 L.P.R.A. sec. 1723f, dispone expresamente que

---

[2] Dicha ley disponía que el funcionario bajo cuya autoridad se efectúe
una confiscación notifique de la misma "al dueño, encargado o persona
con derecho o interés conocido en la propiedad ocupada, de la ocupación
y tasación de los bienes ocupados; debiendo efectuarse la notificación
en forma fehaciente dentro de los diez (10) días siguientes a la
ocupación; entendiéndose perfeccionada la notificación mediante su
envío por correo con acuse de recibo."

procede la impugnación dentro de los quince (15) días siguientes a la fecha en que se reciba la notificación.[3]

Al así resolver cumplimos con el principio de hermenéutica establecido en el Artículo 14 de nuestro Código Civil, 31 L.P.R.A. sec. 14, el cual establece que: "Cuando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir con su espíritu". Dávila v. Antilles Shipping, Inc., res. el 12 de febrero de 1999, 99 TSPR 12; Departamento de la Familia v. Soto, res. el 2 de marzo de 1999, 99 TSPR 19; Alejandro Rivera y Otros v. ELA, res. el 10 de abril de 1996, 140 D.P.R. ___ (1996); Atlantic Pipe Corp. v. F.S.E., 132 D.P.R. 1026 (1993); Meléndez v. Tribunal Superior, 90 D.P.R. 65 (1964); Román v. Superintendente de la Policía, 93 D.P.R. 685 (1966).

Con esta interpretación reiteramos que cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa. Alejandro Rivera y otros v. E.L.A., supra.

IV

En el presente caso, el propio Procurador reconoce que del expediente no surge con claridad cuando fue que, en efecto, el Sr. Santiago Meléndez recibió la notificación. En vista de ello, no se puede establecer desde cuándo comenzó el término de quince (15) días para presentar la impugnación de la confiscación.

Incidió el Tribunal de Circuito de Apelaciones al determinar que dicho término comenzó a decursar a partir de la fecha en que por primera vez se envió la notificación y al desestimar la demanda por falta de jurisdicción.

---

[3] No nos convence el argumento del Procurador General de que debe comenzar a decursar el término desde el momento que se deposita en el correo la notificación ya que el Estado no puede ser responsable de los actos de servicio del correo federal, sobre el cual no tiene control. Aplicando este mismo razonamiento entendemos que tampoco se le puede hacer responsable al Sr. Santiago Meléndez de las actuaciones del correo, sobre el cual tampoco tiene control. Santiago Meléndez sostiene que nunca recibió una notificación del correo federal de que había intentado entregar la carta que él estaba esperando.

Por los fundamentos anteriormente esbozados se revoca la Sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que asuma jurisdicción y dilucide la procedencia de la confiscación.

Se dictará la Sentencia correspondiente.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

William Santiago Meléndez

  Peticionario

    v.                                    CC-1999-08      Certiorari

Superintendente de la Policía
de Puerto Rico, Secretario
de Justicia de Puerto Rico

  Recurrido

SENTENCIA

San Juan, Puerto Rico, a 23 de junio de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca la Sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que asuma jurisdicción y dilucide la procedencia de la confiscación.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo