EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis O. Rodríguez Quintana<br><br>Recurrido<br><br>v.<br><br>Raquel Rivera Estrada<br><br>Demandada<br><br>Procuradora de Asuntos de Familia, en representación de los menores L.O.R.R. e I.A.R.R.<br><br>Peticionaria<br>_____<br><br>Luis O. Rodríguez Quintana<br><br>Recurrido<br><br>v.<br><br>Raquel Rivera Estrada<br><br>Peticionaria | Certiorari<br><br><br>2015 TSPR 36<br><br><br>192 DPR ____ |

Número del Caso:    CC-2013-385
                    CC-2013-339


Fecha: 9 de abril de 2015


Materia: Sentencia con Votos


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Luis O. Rodríguez Quintana<br><br>Recurrido<br><br>v.<br><br>Raquel Rivera Estrada<br><br>Demandada<br><br>Procuradora de Asuntos de Familia, en representación de los menores L.O.R.R. e I.A.R.R.<br><br>Peticionaria | CC-2013-385 | |
| Luis O. Rodríguez Quintana<br><br>Recurrido<br><br>v.<br><br>Raquel Rivera Estrada<br><br>Peticionaria | CC-2013-339 | *Certiorari* |

SENTENCIA

San Juan, Puerto Rico, a 9 de abril de 2015

En esta ocasión nos corresponde determinar cuándo comienza a transcurrir el término de caducidad de seis (6) meses para ejercitar una acción de impugnación de paternidad según dispone la Ley Núm. 215 de 29 de diciembre

de 2009 (Ley Núm. 215).[1] En particular, debemos evaluar si éste comienza en la fecha de aprobación de la Ley Núm. 215 o en la fecha en que éste entró en vigor.

I

El 28 de julio de 2010 el señor Luis O. Rodríguez Quintana presentó una Demanda de impugnación de paternidad contra la señora Raquel Rivera Estrada, a tenor con las disposiciones de la Ley Núm. 215.[2] Alegó que tenía base para creer que los menores L.O.R.R. y I.A.R.R., hijos de la señora Rivera Estrada y reconocidos voluntariamente por el demandante, no eran sus hijos biológicos. Por lo tanto, solicitó que el tribunal ordenara a los menores a someterse a una prueba de paternidad, entre otras cosas. Posteriormente, el señor Rodríguez Quintana presentó una moción ante el tribunal solicitando el emplazamiento por edicto de la señora Rivera Estrada, el cual fue autorizado el 8 de diciembre de 2010.[3] A su vez, el 12 de enero de 2011, el tribunal designó a la Procuradora de Familia ("Procuradora") como defensora judicial de los menores.

El 4 de marzo de 2011, la Procuradora, sin someterse a la jurisdicción del tribunal, presentó una *Moción de Desestimación* alegando que procedía la desestimación por no haberse acumulado a los menores, que son partes indispensables en el pleito, antes del término de caducidad

---

[1] Esta Ley enmendó los artículos 113-117 del Código Civil, 31 L.P.R.A. secs. 461-465.
[2] En el epígrafe de la demanda sólo se incluyó a la señora Rivera Estrada.
[3] El emplazamiento por edicto se publicó en el periódico Primera Hora el 12 de enero de 2011.

que provee la Ley Núm. 215. Por su parte, el 11 de marzo de 2011, la señora Rivera Estrada presentó una moción solicitando la desestimación de la demanda bajo los mismos fundamentos de la Procuradora. Asimismo, alegó que el señor Gerardo René Díaz Gómez, el hombre con quien la señora Rivera Estrada estaba casada cuando nacieron los menores L.O.R.R. y I.A.R.R., era también parte indispensable.

El 1 de abril de 2011, el señor Rodríguez Quintana presentó una demanda enmendada en la cual incluyó en el epígrafe como parte demandada al señor Díaz Gómez y a la señora Rivera Estrada, por sí y en representación de los menores L.O.R.R. y I.A.R.R. Además, en las alegaciones indicó que los resultados de unas pruebas de ADN demostraron que él no era el padre biológico de los menores L.O.R.R. y I.A.R.R. Luego de varios trámites procesales, el 3 de mayo de 2011, el Tribunal de Primera Instancia dictó una orden indicando que una vez resolviera las mociones de desestimación presentadas, determinaría si procedía la demanda enmendada y la expedición de los emplazamientos por edicto solicitados por el señor Rodríguez Quintana.

El 9 de noviembre de 2011, el Tribunal de Primera Instancia emitió una Resolución mediante la cual declaró no ha lugar las mociones de desestimación presentadas y permitió que el señor Rodríguez Quintana enmendara la demanda con efecto retroactivo para incluir a los menores L.O.R.R. y I.A.R.R. como partes indispensables. Determinó que en este caso aplicaba el término de caducidad de seis (6) meses del Artículo 117 del Código Civil, 31 L.P.R.A. sec. 465, según

enmendado, contado a partir de la aprobación de la Ley Núm. 215 porque el señor Rodríguez Quintana conocía de la inexactitud de la filiación antes de la aprobación de la Ley.[4] Razonó que, debido a que el artículo 7 de la Ley Núm. 215 disponía que la Ley entraba en vigor 30 días después de su aprobación, el término de seis (6) comenzó el 28 de enero de 2010 y vencía el 28 de julio de 2010, por lo cual el señor Rodríguez Quintana presentó la demanda oportunamente.[5] Además, indicó que los derechos de los menores estuvieron protegidos en el pleito, ya que se incluyó a la señora Rivera Estrada como parte demandada y se nombró a la Procuradora como defensora judicial de los menores.

Insatisfechas, la Procuradora y la señora Rivera Estrada presentaron sus respectivos recursos de revisión ante el Tribunal de Apelaciones.[6] La Procuradora alegó que el Tribunal de Primera Instancia erró al determinar que el término de caducidad comenzó a transcurrir en la fecha en que entró en vigor la Ley Núm. 215 en vez de cuando fue aprobada. Asimismo, argumentó que erró el tribunal al permitir la enmienda a la demanda para incluir a los menores, a pesar de que el término de caducidad había vencido. Por su parte, la

_____

[4] En lo pertinente, el artículo 117 del Código Civil dispone que "[l]a acción para impugnar la presunción de paternidad o de maternidad, por parte del padre o madre legal, deberá ejercitarse dentro del plazo de caducidad de seis meses, contados a partir de la fecha de que advenga en conocimiento de la inexactitud de la filiación o a partir de la aprobación de esta ley, lo que sea mayor". 31 L.P.R.A. sec. 465.
[5] La Ley Núm. 215 fue aprobada el 29 de diciembre de 2009 y entró en vigor el 28 de enero de 2010.
[6] La señora Rivera Estrada presentó su recurso de revisión el 6 de diciembre de 2011. La Procuradora presentó su recurso de revisión el 19 de diciembre de 2011.

señora Rivera Estrada alegó que el Tribunal de Primera Instancia erró al permitirle al señor Rodríguez Quintana enmendar la demanda para añadir a los menores L.O.R.R. y I.A.R.R., habiendo transcurrido el término de caducidad dispuesto en la Ley Núm. 215.

Luego de varios trámites procesales y la consolidación de ambos recursos, el 5 de marzo de 2013 el Tribunal de Apelaciones confirmó la Resolución del Tribunal de Primera Instancia. Entendió que la demanda de impugnación de paternidad fue presentada oportunamente por el señor Rodríguez Quintana y que procedía corregir el defecto de forma en el epígrafe, ya que desde el inicio del pleito surgía de las alegaciones que los menores L.O.R.R. y I.A.R.R. eran parte en el pleito. Con respecto a cuándo comenzó a transcurrir el término de seis (6) meses, determinó que en Puerto Rico una ley aprobada es efectiva a partir de su promulgación por el Secretario de Estado y, en vista de que la Ley Núm. 215 fue promulgada el 5 de enero de 2010, ésta entró en vigor el 4 de febrero de 2010, según los treinta (30) días dispuestos en el artículo 7 de la Ley Núm. 208. A base de lo anterior, el señor Rodríguez Quintana tenía hasta el 2 de agosto de 2010 para presentar la demanda de impugnación de paternidad, por lo cual la presentación de la misma fue oportuna. Asimismo determinó que si se computa el término de seis meses una vez pasados los 30 días desde la fecha de la aprobación de la ley, el término de caducidad vencía el 28 de julio de 2010, el día que el señor Rodríguez Quintana presentó la demanda. El 20

de marzo de 2013, la Procuradora presentó una solicitud de reconsideración ante el Tribunal de Apelaciones, la cual fue declarada no ha lugar mediante Resolución de 10 de abril de 2013.

Inconformes, la Procuradora y la señora Rivera Estrada presentaron sus respectivos recursos de *certiorari* ante este Tribunal, solicitando que revoquemos la sentencia emitida por el foro apelativo intermedio.[7] En esencia, ambas alegan que erró el Tribunal de Apelaciones al permitir la enmienda a la demanda para añadir a los menores cuyo reconocimiento se impugna transcurrido el término de caducidad para ejercitar la acción de impugnación, apartándose de lo resuelto por este Tribunal en *Bonilla Ramos v. Dávila Medina*, 185 D.P.R. 667 (2012).

Planteada así la controversia, el 28 de junio de 2013 expedimos el auto solicitado y consolidamos ambos casos. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

II

Como cuestión de umbral, es preciso determinar si el señor Rodríguez Quintana presentó su demanda de impugnación antes de que transcurriera el término de caducidad para ello. El artículo 117 del Código Civil, según enmendado por la Ley Núm. 215, establece un término de caducidad de seis (6) meses para que el padre legal ejercite una acción de

---

[7] La señora Rivera Estrada presentó su recurso de *certiorari* el 2 de mayo de 2013 en el caso CC-2013-339. La Procuradora presentó su recurso de *certiorari* el 20 de mayo de 2013 en el caso CC-2013-385.

impugnación de paternidad. El artículo indica, sin embargo, que este término comenzará a transcurrir a partir de la fecha en que el padre legal advenga en conocimiento de la inexactitud biológica o, en la alternativa, a partir de la aprobación de la Ley Núm. 215. 31 L.P.R.A. sec. 465. Por otra parte, el artículo 7 de la Ley Núm. 215 dispone que la Ley entraría en vigor treinta (30) días después de su aprobación. En el caso que nos ocupa, los foros recurridos determinaron que el referido término de caducidad comenzaba a transcurrir una vez la Ley entrara en vigor y no al momento de su aprobación. Así, concluyeron que el señor Rodríguez Quintana presentó su demanda el último día hábil para ello: el 28 de julio de 2010. De esta manera, razonaron que el término debía contarse a partir de que la Ley entrara en vigor y no a partir de su aprobación. Además, determinaron que, dado que la demanda de impugnación fue presentada oportunamente, la enmienda a ésta para incluir a los menores de edad procedía en Derecho. Esto, puesto que de las alegaciones de la demanda original se desprendía que los menores eran parte en el pleito y la enmienda sólo tuvo el propósito de corregir un error de forma en el epígrafe.

III

Evaluados los planteamientos de las partes, se dicta sentencia revocando el dictamen del Tribunal de Apelaciones. Consiguientemente, se desestima la demanda de impugnación de paternidad presentada contra la Sra. Raquel Rivera Estrada.

Así lo pronunció el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular de Conformidad al que se une el Juez Asociado señor Estrella Martínez y la Jueza Asociada Oronoz Rodríguez. El Juez Asociado señor Martínez Torres emitió un Voto Particular Concurrente al que se unen los Jueces Asociados señores Rivera García y Feliberti Cintrón. La Jueza Asociada señora Pabón Charneco disiente sin expresiones escritas. El Juez Asociado señor Kolthoff Caraballo no intervino.


                              Aida I. Oquendo Graulau
                           Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Luis O. Rodríguez Quintana<br><br>Recurrido<br><br>v.<br><br>Raquel Rivera Estrada<br><br>Demandada<br><br>Procuradora de Asuntos de Familia, en representación de los menores L.O.R.R. e I.A.R.R.<br><br>Peticionaria | CC-2013-385 | *Certiorari* |
| Luis O. Rodríguez Quintana<br><br>Recurrido<br><br>v.<br><br>Raquel Rivera Estrada<br><br>Peticionaria | CC-2013-339 | |

Voto Particular de Conformidad emitido por la Juez Asociada señora Rodríguez Rodríguez al que se une el Juez Asociado señor Estrella Martínez y la Jueza Asociada Oronoz Rodríguez

San Juan, Puerto Rico, a 9 de abril de 2015

Estoy conforme con la sentencia emitida por este Tribunal mediante la cual se desestima la demanda de impugnación presentada por el Sr. Luis O. Rodríguez Quintana. Sin embargo, considero necesario emitir algunas expresiones adicionales con relación a cuándo comienza a transcurrir el término de caducidad de seis (6) meses para ejercitar una

acción de impugnación de paternidad según dispone la Ley Núm. 215 de 29 de diciembre de 2009 (Ley Núm. 215). En particular, estimo que el referido término comienza a transcurrir en la fecha en que entró en vigor la Ley Núm. 215 y no en la fecha de su aprobación.

I

Hemos expresado que "[l]a filiación es el estado civil de la persona, determinado por la situación que, dentro de una familia, le asigna el haber sido engendrada en ella o el estar en ella en virtud de la adopción o de otro hecho legalmente suficiente al efecto". *Castro v. Negrón*, 159 D.P.R. 568, 579-580 (2003). Sin embargo, la filiación no necesariamente se deriva de un hecho biológico, por lo cual el padre del menor según el vínculo jurídico no siempre es el padre biológico. *Bonilla Ramos v. Dávila Medina*, 185 D.P.R. 667, 672 (2012). Por la discrepancia que puede haber entre la realidad jurídica y la biológica, los artículos 113 al 117 del Código Civil de Puerto Rico, 31 L.P.R.A. secs. 461-465, regulan las presunciones de paternidad y maternidad, los sujetos autorizados a impugnar la filiación y los términos para ejercitar dicha acción. *Bonilla Ramos*, 185 D.P.R. en la pág. 673. Estos artículos fueron enmendados por la Ley Núm. 215 de 29 de diciembre de 2009 para "armonizar nuestro ordenamiento jurídico con los avances científicos, [al igual que] atemperarlos a los tiempos en que vivimos". Exposición de motivos de la Ley Núm. 215; *Bonilla Ramos*, 185 D.P.R. en la pág. 673. Las disposiciones de la Ley Núm. 215 aplican a los casos que

estuvieran pendientes de adjudicación al momento de entrar en vigencia. *Vázquez Vélez v. Caro Moreno*, 182 D.P.R. 803 (2011).

Una de las enmiendas introducidas por la Ley Núm. 215 fue en relación a los términos que establecía el artículo 117 para impugnar la paternidad o maternidad. 31 L.P.R.A. sec. 465. El anterior artículo 117 disponía que la acción para impugnar debía ejercitarse dentro de los 3 meses siguientes a la inscripción del menor, si el esposo estaba en Puerto Rico. En cambio, si se encontraba fuera de Puerto Rico, tenía 6 meses a partir del momento que tuvo conocimiento del nacimiento. Estos términos le aplicaban tanto al padre legal como al que reconocía voluntariamente los menores. *Bonilla Ramos*, 185 D.P.R. en la pág. 674. La Ley Núm. 215 enmendó el artículo 117 para disponer que: "[l]a acción para impugnar la presunción de paternidad o de maternidad, por parte del padre legal deberá ejercitarse dentro del plazo de caducidad de seis meses, contados a partir de la fecha que advenga en conocimiento de la inexactitud de la filiación o a partir de la aprobación de esta Ley, lo que sea mayor". 31 L.P.R.A. sec. 465. A su vez, la Ley Núm. 215 en su artículo 7 dispuso que entraría en vigor treinta (30) días después de su aprobación.

Recientemente, en *Bonilla Ramos v. Dávila Medina*, este Tribunal se expresó sobre los artículos 113 al 117, según enmendados por la Ley Núm. 215, y resolvió que, en casos de impugnación de paternidad, el menor cuya paternidad se impugna es parte indispensable. Por lo tanto, el menor debe

ser incluido en el pleito antes de que transcurra el término de caducidad dispuesto en ley para instar la acción de impugnación. Esto porque el menor cuya paternidad se impugna sería la parte afectada por el cambio de estado civil. Por tanto, conforme a las Reglas de Procedimiento Civil, si el menor demandado tiene 14 años o más, se le tiene que entregar una copia del emplazamiento y de la demanda a él personalmente y a su padre o madre con patria potestad. A su vez, si el menor tiene menos de 14 años de edad, se debe entregar copia del emplazamiento y de la demanda a su padre o madre con patria potestad, o tutor. 32 L.P.R.A. Ap. V. R. 4.4(b). En todo caso, el menor debe ser demandado antes de que transcurra el término de caducidad dispuesto en la Ley Núm. 215 para instar la acción de impugnación. En síntesis, si se presenta una demanda de impugnación dentro del término de caducidad, pero no se incluye en la demanda, al menor cuya paternidad o maternidad se impugna dentro del término de caducidad, operará la extinción del derecho que se intenta ejercitar.

II

Como cuestión de umbral, la controversia planteada nos exige determinar cuándo comienza a transcurrir el término de caducidad de seis (6) meses que establece el artículo 117 del Código Civil, según enmendado por la Ley Núm. 215. El señor Rodríguez Quintana presentó la demanda el 28 de julio de 2010. Si el término de caducidad comenzó el 29 de diciembre de 2009, fecha en que se aprobó la Ley Núm. 215, el señor Rodríguez Quintana presentó la demanda luego de

transcurrido el término de caducidad, ya que vencía el 28 de junio de 2010. Por otro lado, si comenzó el 28 de enero de 2010, el señor Rodríguez Quintana presentó la demanda el último día hábil. Por su parte, tanto el foro apelativo intermedio como el foro primario determinaron que, a pesar de que la fecha de aprobación fue el 29 de diciembre de 2009, el término de caducidad comenzó luego de pasados los treinta (30) días que dispone el artículo 7 de la Ley Núm. 215, a saber, cuando la ley entró en vigor.

La Sección 5 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico establece que "[l]as leyes deberán ser promulgadas conforme al procedimiento que se prescriba por ley y contendrán sus propios términos de vigencia". Const. P.R. Art. VI, Sec. 5. Por tanto, es a la Asamblea Legislativa a quien le compete establecer la fecha que entrará en vigor una ley, ya sea inmediatamente que sea aprobada o luego de un término específico posterior a su aprobación. *Herrero y otros v. E.L.A.*, 179 D.P.R. 277, 298 (2010). "El fundamento que existe para que la vigencia de una ley tenga lugar en fecha posterior a la de su aprobación, es el de informar al público con certeza la fecha en que la ley entrará en vigor para que los individuos que van a ser regidos por dicha ley puedan conformar sus derechos y obligaciones a la nueva situación". R. Elfren Bernier y José A. Cuevas Segarra, *Aprobación e Interpretación de las Leyes en Puerto Rico* 119 (2da ed. 1987). Cabe mencionar que, al interpretar las leyes para precisar la voluntad legislativa, hemos señalado

que las leyes deben recibir una interpretación sensata. Como consecuencia, "una interpretación de una ley que conduzca a una conclusión absurda, debe ser rechazada". *Orta v. Registrador*, 60 D.P.R. 789, 794 (1942); *Véase* Elfren Bernier, *supra*, en la pág. 242.

Considerando lo anterior, entiendo que resultaría absurdo resolver que el término de caducidad de seis (6) meses comenzó a transcurrir el 29 de diciembre de 2009, fecha en que se aprobó la Ley Núm. 215, ya que para esa fecha las disposiciones de la ley no estaban en vigor y no se podía actuar conforme a las mismas. El término de seis (6) meses que la Ley Núm. 215 le otorga al padre legal para impugnar la paternidad no podía comenzar hasta que sus disposiciones entraran en vigor, lo cual ocurrió el 28 de enero de 2010. Distinto sería si la Asamblea Legislativa hubiera establecido que la Ley entraba en vigor inmediatamente luego de su aprobación. Por tanto, contando el término de seis (6) meses a partir del 28 de enero de 2010, fecha en que la Ley Núm. 215 entró en vigor, el señor Rodríguez Quintana presentó la demanda de impugnación el último día hábil, el 28 de julio de 2010.

Resuelto lo anterior, pasemos a examinar si los tribunales inferiores erraron al permitir la enmienda a la demanda para añadir a los menores vencido el término de caducidad de seis (6) meses. Según se desprende de la sentencia que hoy dictamos y, a base a lo resuelto por este Tribunal en *Bonilla Ramos v. Dávila Medina*, estimo que procedía la desestimación de la demanda de impugnación

presentada. Como se expuso anteriormente, el término de caducidad en este caso venció el 28 de julio de 2010. Así, el señor Rodríguez Estrada tenía hasta esa fecha para demandar a los menores. En cambio, el señor Rodríguez Estrada presentó la demanda enmendada incluyendo a los menores el 1 de abril de 2011, transcurrido el término de seis (6) meses de caducidad.

                                    IV

Por los fundamentos previamente reseñados, estoy conforme con desestimar la demanda de impugnación de paternidad presentada en contra de la señora Rivera Estrada. Considero, sin embargo, que no erraron los foros recurridos al concluir que el término de caducidad de seis (6) meses comienza a transcurrir a partir de la vigencia de la Ley Núm. 215 y no a partir de su aprobación.


                                    Anabelle Rodríguez Rodríguez
                                         Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Luis O. Rodríguez Quintana<br><br>Recurrido<br><br>v.<br><br>Raquel Rivera Estrada<br><br>Peticionaria<br><br>_____<br><br>Luis O. Rodríguez Quintana<br><br>Recurrido<br><br>v.<br><br>Raquel Rivera Estrada<br><br>Demandada<br><br>Procuradora de Asuntos de Familia, en representación de los menores L.O.R.R. e I.A.R.R.<br><br>Peticionaria | CC-2013-339<br>CC-2013-385 | Certiorari |

Voto Particular de Conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES a la cual se unieron los Jueces Asociados señor RIVERA GARCÍA y señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 9 de abril de 2015.

Estoy de acuerdo con la Sentencia emitida por el Tribunal en el día de hoy en la que se desestima la demanda de impugnación de paternidad presentada por el señor Luis O. Rodríguez. Según surge del propio texto de la Ley Núm. 215-2009, 31 LPRA secs. 461-465, el término de caducidad de seis

meses para ejercer la acción de impugnación de paternidad comenzó a transcurrir a partir de la aprobación del referido estatuto, es decir, el 29 de diciembre de 2009. Así, ese periodo concluyó el 28 de junio de 2010. Dado que el recurso de epígrafe fue presentado el 28 de julio de 2010, procede su desestimación por tardío.

## I.

A pesar de que nuestra Sentencia expone los hechos pertinentes de este caso, me parece importante destacar ciertos asuntos que dan origen a la controversia que hoy atendemos. El 29 de diciembre de 2009 se aprobó la Ley Núm. 215-2009, 31 LPRA secs. 461-465, la cual enmendó los Artículos 113, 114, 115, 116 y 117 del Código Civil de Puerto Rico. En lo pertinente a este caso, se enmendó el Art. 117 para que leyese de la siguiente forma:

> La acción para impugnar la presunción de paternidad o de maternidad, por parte del padre legal deberá ejercitarse **dentro del plazo de caducidad de seis meses**, <u>contados</u> a partir de la fecha de que advenga en conocimiento de la inexactitud de la filiación o **a partir de la <u>aprobación</u> de esta Ley**, lo que sea mayor. […] 31 LPRA sec. 465. (Énfasis suplido).

Por su parte, el Art. 7 de la Ley Núm. 215-2009, <u>supra</u>, dispuso que la "[l]ey entrará en vigor treinta (30) días después de su aprobación".

El 28 de julio de 2010, el señor Rodríguez Quintana presentó una acción de impugnación de paternidad en contra de la señora Rivera Estrada al amparo de la Ley Núm. 215-2009, <u>supra</u>. El 1 de abril de 2011 se enmendó la demanda para

incluir como partes demandadas a los menores y al señor Díaz Gómez. Luego de varios incidentes procesales muy bien recogidos en la Opinión mayoritaria, el Tribunal de Primera Instancia emitió una resolución en la que permitió la enmienda a la demanda con efecto retroactivo. Además, determinó que como la Ley Núm. 215-2009, *supra*, entró en vigor el 28 de enero de 2010, el término de seis meses se debía calcular a partir de esa fecha, por lo que la demanda del señor Rodríguez Quintana fue presentada oportunamente.

Insatisfechos, la Procuradora de Familia y la señora Rivera Estrada acudieron ante el Tribunal de Apelaciones y alegaron que el foro primario erró al determinar que el término de caducidad de seis meses había comenzado a transcurrir en la misma fecha en que entró en vigor la Ley Núm. 215-2009, *supra*, y no al momento de su aprobación. También alegaron que el Tribunal de Primera Instancia erró al permitir la enmienda a la demanda para incluir a los menores, puesto que en ese momento, el término de caducidad ya había transcurrido.

El Tribunal de Apelaciones emitió una resolución en la que confirmó el dictamen del Tribunal de Primera Instancia. En particular, determinó que procedía la enmienda debido a que en realidad se trataba de un defecto de forma en el epígrafe, pues se desprendía de las alegaciones que los menores eran parte del pleito desde el principio. En cuanto a cuándo comenzó a transcurrir el término de caducidad de seis meses, el Tribunal de Apelaciones concluyó que como la Ley

Núm. 215-2009, _supra_, fue promulgada por el Secretario de Estado el 5 de enero de 2010, esta entró en vigor transcurridos treinta días, contados a partir de esa fecha. Según el foro apelativo intermedio, era a partir de ese momento que se debía calcular el término de caducidad de seis meses, por lo que en este caso la demanda se presentó oportunamente.

Inconformes con esa determinación del Tribunal de Apelaciones, la Procuradora de Familia y la señora Rivera Estrada acuden ante este Foro y nos solicitan que revoquemos la determinación del foro apelativo intermedio. El 28 de junio de 2013 consolidamos ambas solicitudes y expedimos el auto.

II.

Conforme a nuestro esquema constitucional, una vez un proyecto de ley es debidamente aprobado por la Asamblea Legislativa, se remite al Gobernador y se convierte en ley si este lo firma o no lo devuelve con sus objeciones a la cámara de origen dentro de los diez días de haberlo recibido. Const. PR, Art. III, Sec. 19. Es en ese momento en que se entiende que la ley ha sido aprobada. Sin embargo, eso no significa que la ley entra en vigor inmediatamente.

El término vigencia se refiere al momento en que una ley es efectiva. I. Rivera García, _Diccionario de Términos Jurídicos,_ 2^da ed., Lexisnexis, 1986, pág. 314. Sobre ese particular, la Constitución de Puerto Rico establece que

"[l]as leyes deberán ser promulgadas conforme al procedimiento que se prescriba por ley y contendrán sus propios términos de vigencia". Const. PR, Art. VI, Sec. 5. Por eso, "es a la Asamblea Legislativa a quien le compete establecer la fecha de vigencia de las leyes aprobadas". Herrero y otros v. ELA, 179 DPR 277, 298 (2010).

Así, "las leyes comienzan a regir cuando en ellas así se establezca expresa o tácitamente, bien con referencia a una fecha de calendario, o bien con referencia a algún otro dato". (Énfasis original suprimido y énfasis suplido). Íd. citando a González v. Merck, 166 DPR 659, 675 (2006). De esta forma, la Asamblea Legislativa puede disponer que la vigencia de una ley sea inmediata con su aprobación o que sea aplazada por un término específico (también conocido como vigencia diferida). Íd. Por otro lado, el Art. 3 del Código Civil de Puerto Rico, 31 LPRA sec. 3, dispone que las leyes pueden tener efecto retroactivo cuando así se disponga expresamente por la Asamblea Legislativa. En fin, determinar en qué momento una ley entrará en vigor "es parte inherente de la facultad de la Asamblea Legislativa de aprobar las leyes y dependerá del juicio del legislador […]". Herrero y otros v. ELA, supra.

Por otro lado, cuando el texto de una ley es claro y libre de ambigüedades, debemos ceñirnos al mismo, pues "es la expresión por excelencia de toda la intención legislativa". S.L.G. Rodríguez Rivera v. Bahía Park, 180 DPR 340, 355 (2010). En esos casos, no debemos menospreciar el texto claro de la ley "bajo el pretexto de cumplir con su espíritu". Art.

14 del Código Civil de Puerto Rico, supra, sec. 14. Por eso, al interpretar una ley tenemos que darle "efecto a todas [sus] disposiciones [,] **sin omitir ninguna**". (Énfasis suplido). R. Elfren Bernier y J. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, Publicaciones JTS, 2da Ed., 1987, pág. 317.

En esa misma línea, es norma conocida que "el Legislador no hace cosas inútiles". García v. Tribunal Superior, 91 DPR 153, 156 (1964). Tampoco "escribe cosas redundantes [,] [t]odo lo que ha dicho ha sido por alguna razón y **a todo lo que ha expresado debe dársele efecto** […]". (Énfasis suplido). R. Elfren Bernier y J. Cuevas Segarra, op cit., pág. 316. Cuando el legislador utiliza un lenguaje diferente en distintas partes de una ley en "relación al mismo asunto, se presume que intentó un significado distinto". Íd., pág. 335.

III.

En el presente caso, el texto del Art. 117 del Código Civil (Art. 5 de la Ley Núm. 215-2009, supra) es claro y libre de ambigüedades. Allí se dispuso que el término de caducidad de seis meses comenzaría a transcurrir a partir de la **aprobación** de la Ley Núm. 215-2009, supra, es decir, desde el momento en que el Gobernador le estampara su firma. Esa fue la voluntad expresa del legislador.

El Gobernador firmó la Ley Núm. 215-2009, supra, el 29 de diciembre de 2009 y, **de acuerdo al texto del propio estatuto**, es desde ese momento que debe computarse el término de caducidad de seis meses. Esa conclusión no es absurda. Este Tribunal ha dejado claro que "si el legislador ha

deseado tales resultados y no hay margen en el texto de la ley para imputarle otra intención que sea más racional y justa, **los tribunales no deben imponer su propio criterio de justicia y razonabilidad, y deberán entonces respetar la voluntad legislativa**". (Énfasis suplido). <u>Atiles, Admor. V. Comisión Industrial</u>, 77 DPR 16, 20 (1954). Lo que sería desatinado es resolver lo contrario e ignorar el texto aprobado por el legislador. No podemos, mediante fíat judicial, dejar sin efecto una parte de la Ley Núm. 215-2009, <u>supra</u>.

El Tribunal de Apelaciones resolvió que el término de caducidad de seis meses se computa desde que la Ley Núm. 215-2009, <u>supra</u>, entró en vigor, es decir, treinta días luego de su aprobación. Para adoptar ese análisis, tendríamos que apartarnos del texto del estatuto e igualar los términos "aprobación" y "vigencia", los cuales fueron expresamente utilizados por el legislador en distintas partes de la Ley Núm. 215-2009, <u>supra</u>, con una intención diferente. El término "aprobación" fue utilizado para referirse al momento en que se debe comenzar a contar los seis meses del término de caducidad, mientras que el término "vigencia" fue utilizado para referirse al momento en que el estatuto comenzaría a ser efectivo. Si el legislador hubiera querido que la ley entrara en vigor al momento de su aprobación o que el término de caducidad se calculara a partir de la vigencia de la ley, así lo habría hecho constar en el texto de la ley. Pero ese no es el caso. Por eso, **no** nos encontramos ante una contradicción interna en el texto del estatuto que amerite nuestra

intervención para "resolver tal contradicción a base del establecimiento de la intención auténtica del legislador". Clínica Juliá v. Secretario de Hacienda, 76 DPR 509, 521 (1954).

Es conveniente recordar que "[e]l juez es un intérprete y no un creador." Íd. Por eso, cuando "**el lenguaje [de una ley] es tan inequívoco que postula un solo significado, un sentido cabal de humildad y autodisciplina judicial requiere la aplicación de la voluntad legislativa. […] Ese es un postulado del honor judicial**". (Énfasis suplido). Íd.

Claro está, la consecuencia **del lenguaje utilizado por el legislador** es que una vez la Ley Núm. 215-2009, supra, entró en vigor, el término remanente para presentar una demanda de impugnación de paternidad es de cinco meses, puesto que ya transcurrieron los primeros treinta días del término de seis meses. Esa fue la intención del legislador y es lo que se desprende del texto claro del estatuto. Por eso, **no** nos encontramos ante una laguna que amerite otra interpretación para llegar a otro resultado.

No nos corresponde enmendar la ley. Por todo lo anterior, entiendo que el término de caducidad de seis meses comenzó a transcurrir el 29 de diciembre de 2009 y concluyó el 28 de junio de 2010. Dado que la demanda de epígrafe se presentó el 28 de julio de 2010, debe desestimarse porque se presentó fuera del término establecido por el legislador.

IV.

Por los fundamentos antes expuestos, estoy de acuerdo con la Sentencia mediante la cual se revoca al Tribunal de

Apelaciones y se ordena la desestimación de la demanda de impugnación de paternidad al amparo de la Ley Núm. 215-2009, supra. La demanda se presentó fuera de término.



                                    RAFAEL L. MARTÍNEZ TORRES
                                         JUEZ ASOCIADO